The PEOPLE of the State of
Colorado, Petitioner,

v.

Willie W. JOHNSON, Respondent.

No. 89SC377.

Supreme Court of Colorado,
En Banc.

Sept. 10, 1990.

As Modified on Denial of Rehearing
Oct. 9, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for petitioner.

Lawrence J. Schulman, Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

We granted certiorari to the court of appeals to consider whether that court erred in concluding that section 16–11–306, 8A C.R.S. (1986), required that presentence confinement credit be applied to a felony sentence, rather than to a consecutive misdemeanor sentence which was to be served in the county jail. *People v. Johnson*, 776 P.2d 1141 (Colo.App.1989). We reverse in part the court of appeals judgment.

I

In 1986, the defendant, Willie Johnson, was charged in one case with first-degree sexual assault, and in a second and unrelated case with aggravated robbery. A plea bargain was entered into whereby the defendant pleaded guilty to the reduced charges of third-degree sexual assault, a class 1 misdemeanor, and robbery, a class 4 felony.

On May 15, 1987, the trial court imposed a sentence of eighteen months in the county jail on the third-degree sexual assault count, and a consecutive eleven-year sentence to the department of corrections on the robbery count. The court then credited 224 days of presentence confinement time against the misdemeanor sentence.

After serving seven months of his misdemeanor sentence in the county jail, the defendant filed a Crim.P. 35 motion in which he sought to have 224 days of presentence confinement time credited against his eleven-year robbery sentence. The trial court denied this motion, holding that it had the discretion to apply this presentence credit to either the department of corrections sentence or the county jail sentence.

A divided panel of the court of appeals reversed, holding that pursuant to section 16–11–306, 8A C.R.S. (1986), the trial court lacked discretion to credit the presentence confinement time to the county jail sentence and accordingly ordered the trial court to credit the defendant's felony sentence with 224 days. In dissent, Judge Hume reasoned that this court's decision in *Castro v. District Court*, 656 P.2d 1283 (Colo.1982), "requires credit to be given against a sentence to a state correctional facility only if a state correctional sentence is the sole sentence imposed." Therefore, he concluded that the trial court could exercise its discretion by granting presentence confinement credit to either of the consecutive sentences.

II

The defendant contends that the trial court lacked discretion to apply the presentence confinement credit to his misdemeanor sentence because the county jail is not a correctional facility under the supervision of the department of corrections,[1] and section 16–11–306, 8A C.R.S. (1986), requires that this credit be "deducted from the sentence by the department of corrections."[2]

■ Well-established rules of statutory construction provide the backdrop for our resolution of the defendant's claim. When interpreting a statute each provision must be construed in harmony with the overall statutory scheme, so as to accomplish the purpose for which it was enacted. Fur-

---

1. Sentences to county jail are governed by the requirements of sections 17–26–101 to –136, 8A C.R.S. (1986 & 1989 Supp.). These provisions do not directly address the crediting of presentence confinement to a county jail sentence.

2. This provision appears in part 3 of article 11 of title 16 concerning sentences to imprisonment in a state correctional facility under the supervision of the executive director of the department of corrections.

ther, it is presumed that the legislature intended a just and reasonable result. "Weighing the consequences of a particular construction against these statutory presumptions serves to achieve a statutory interpretation that accords with [the] goals sought to be achieved by the legislation in question." *Schubert v. People*, 698 P.2d 788, 794 (Colo.1985).

■ Credit for presentence confinement is not a matter of constitutional magnitude, and prior to 1972 there were no statutory provisions addressing this issue. However, in *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), we strongly recommended that presentence credit be awarded. In 1972, the legislature enacted section 39–11–306, 1972 Colo.Sess. Laws 190, 249, which provided that the sentencing court must consider the defendant's presentence confinement, but did not require that credit be given for this period.[3] In 1979, the legislature repealed this provision and reenacted section 16–11–306, 8A C.R.S. (1986), which is now before us. This provision states that:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections.[4]

■ The purpose of this provision is to eliminate the potential for unequal treatment of indigent defendants who, because of their inability to post bail and the statutory discretion previously reposed in sentencing courts to grant or refuse credit for presentence confinement, were often con-

fined longer than their wealthier counterparts. *Massey v. People*, 736 P.2d 19, 21 (Colo.1987); *Schubert*, 698 P.2d at 788. A defendant is entitled to presentence confinement credit for all periods of presentence imprisonment which were actually caused by the conduct that forms the basis of the sentence. The conduct need not be the exclusive cause of the defendant's confinement, but there must be a substantial nexus between the conduct and the period of confinement for which credit is sought. *People v. Freeman*, 735 P.2d 879, 881 (Colo.1987).

■ This provision, however, was not intended to provide the defendant with duplicative sentence credit. In *Schubert*, 698 P.2d at 795, we noted that:

Duplicative credits ... not only would reward the multiple offender but also would vitiate, to the extent of such credit, the statutory penalty applicable to the crime for which a particular sentence is imposed. Such consequences, in our view, are the very antithesis of the purpose which the legislature sought to achieve in enacting the 1979 version of section 16–11–306....

(Citations omitted.)

■ Generally, when consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment. *Id.* Here, the defendant does not appeal the trial court's imposition of consecutive sentences or contend that he has not received full credit for his presentence confinement. The only issue before us is whether the trial court abused its discretion by crediting the misdemeanor sentence for the period of defendant's presentence confinement, rather than his consecutive felony sentence.

---

3. This statute provided in pertinent part that: (1) In sentencing a defendant to imprisonment the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.

4. This language remains unchanged in the current version of section 16–11–306, 8A C.R.S. (1989 Supp.). The current version also contains additional provisions, added in 1988, which prohibit duplicative crediting of presentence time where the offender was serving a sentence or on parole at the time of a subsequent crime.

In *Castro v. District Court*, 656 P.2d 1283 (Colo.1983), we held that the trial court had discretion to deny defendant's request for presentence credit for time served where defendant's sentence was to be served in the county jail. We concluded that "the language requiring the Department of Corrections to deduct the pre-sentence confinement from the sentence implies that credit for pre-sentence confinement is mandated only when the sentence is to be served in a state correctional facility." *Id.* at 1284.

Because *Castro* involved a single misdemeanor sentence, we did not consider whether presentence confinement credit must be applied to a sentence served in a state correctional facility when consecutive sentences are imposed. We noted, however, that the application of section 16–11–306 was not specifically limited to sentences to a state correctional facility, and that the trial court has discretion to give credit for presentence confinement on a sentence to county jail. *Id.* at 1284 n. 3.

 However, the trial court must exercise this discretion in a manner which furthers the goal of section 16–11–306, that is, to insure that defendants receive full, but not duplicative, credit for the period of presentence confinement attributable to the charge or conduct for which they were sentenced. The construction advocated by the defendant does not aid in the achievement of this objective. The trial court's ruling provided the defendant with full, but not duplicative, credit for his presentence confinement. Further, there is no indication that the legislature intended to limit a trial court's sentencing authority by requiring that presentence confinement credit be awarded to a particular sentence when consecutive sentences are imposed. Finally, the defendant's interpretation of section 16–11–306 would probably result in duplicative credit because, based on the record before us, it appears that his misdemeanor sentence has been served. Therefore, we conclude that the trial court properly exercised its discretion by crediting the defendant's misdemeanor sentence for his period of presentence confinement.

Accordingly, we reverse in part the court of appeals judgment, and reinstate the trial court's order denying the defendant's Crim.P. 35 motion on the issue of presentence-confinement credit.