**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**James Edwards BRAY, Defendant–Appellee.**

**No. 89CA1452.**

Colorado Court of Appeals, Div. II.

March 28, 1991.

Rehearing Denied April 25, 1991.

Certiorari Denied Nov. 4, 1991.

John W. Suthers, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Katherine Campbell, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge JONES.

The People appeal from an order of the trial court granting defendant, James Edwards Bray, presentence confinement credit for approximately nine-and-one half months during which he was confined in a British jail. We reverse.

On February 21, 1986, defendant entered a plea of guilty to theft in violation of § 18-4-401, C.R.S. (1986 Repl.Vol. 8B). However, prior to his sentencing hearing, he absconded to London, England.

On December 2, 1987, British authorities arrested defendant and charged him with the offenses of "making off without payment" and "obtaining services by deception." In his first appearance, on December 4, 1987, before a magistrate, bond for these charges was set at two thousand pounds sterling. However, during his second appearance on December 7, 1987, when the magistrate learned that defendant had

fled from the pending criminal matter in the United States, the bond amount was increased to ten thousand pounds sterling.

After sentencing here, defendant testified that he would have been able to post the initial bond set in London but that he could not post the increased bond amount. As a result of his claimed inability to post the larger bond, defendant was incarcerated in the British jail from December 2, 1987, until September 16, 1988, when he was acquitted of the British charges.

Uncontroverted evidence in the record, from the affidavit of defendant's British counsel, reflects that, while the British magistrate was apprised of "the possibility of extradition proceedings to the United States of America ... by the Crown Prosecution Service during the course of both appearances ... [in December 1987], [a]t that time ... no Extradition Warrant had been served upon the Defendant and therefore, no formal extradition proceedings had been commenced." Defendant remained in custody from the time of arrest up to and through his three-day trial on September 14, 15, and 16, 1988.

The record further reflects that only on the afternoon of September 16, 1988, was an extradition warrant served upon defendant such that extradition proceedings were then begun.

Defendant continued to be held in custody for extradition purposes until he was surrendered to U.S. Marshals on December 15, 1988.

On March 27, 1989, defendant was sentenced to eight years for his theft conviction and was granted credit for time served of 101 days, which represented the time he spent in confinement awaiting extradition after his acquittal of the British charges.

On June 26, 1989, defendant filed a motion for resentencing in which he requested credit for all time spent in British confinement. After a hearing on the matter, the trial court concluded that, because defendant could afford the initial bond amount but could not afford the increased bond amount, the extradition was the cause of defendant's confinement. Therefore, the trial court concluded that defendant was entitled to credit for time served beginning from his initial arrest on the British charges on December 2, 1987. We conclude that the trial court erred in this determination.

At the time of the trial court hearing, Colorado's statute regarding credit for presentence confinement read as follows:

"A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement...."

Colo.Sess. Laws 1979, ch. 157, § 16–11–306 at 665–6 (now codified with amendments at § 16–11–306, C.R.S. (1990 Cum.Supp.).

In deciding whether a particular period of presentence confinement qualifies for credit under § 16–11–306, a court must determine whether the presentence confinement was actually caused by the charge or the conduct for which the offender is to be sentenced. *Schubert v. People*, 698 P.2d 788 (Colo.1985); *People v. Etts*, 725 P.2d 73 (Colo.App.1986).

In *Schubert v. People, supra*, the Colorado Supreme Court addressed the question: "Was the presentence confinement actually caused by the charge for which the offender is to be sentenced?" It stated:

"While causation ... does not mean that the charge or conduct for which the sentence to be imposed must be the exclusive cause of the offender's confinement, it does mean that there must be a substantial nexus between such charge or conduct and the period of confinement for which credit is sought."

The extradition warrant here was served on the last day of defendant's trial. We conclude, as a matter of law, that there cannot have been a substantial nexus concerning the Colorado charges and defendant's confinement prior to the date on which the extradition warrant was actually served. In the absence of the warrant, the British authorities could not have held defendant absent the British charges he was facing and on which he was actually incarcerated.

The "possibility of extradition proceedings" did not create a nexus prior to actual service of the extradition warrant, which is the only instrumentality by which defendant could be held relating to the Colorado charges, because that "possibility" was not a legal detainer. Indeed, any "possibility" of extradition prior to actual service of the extradition warrant is precisely the casual or indirect kind of relationship which cannot be considered the requisite "substantial" nexus. *See Santisteven v. Johnson,* 751 P.2d 621 (Colo.1988); *Torand v. People,* 698 P.2d 797 (Colo.1985).

The order granting defendant's motion for presentence confinement credit is vacated, and the cause is remanded with directions that the mittimus be amended to reflect that defendant is not entitled to credit for the period of British incarceration from December 2, 1987, through September 15, 1988.

SMITH and RULAND, JJ., concur.