2013 COA 3

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jess Andrew CARRILLO, Defendant–
Appellant.

No. 10CA2188.

Colorado Court of Appeals,
Div. II.

Jan. 17, 2013.

John W. Suthers, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Seth Johnson, Deputy State Public Defender, Pueblo, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

¶ 1 Defendant, Jess Andrew Carrillo, appeals the sentence imposed upon the judgment of conviction entered following his guilty plea to misdemeanor unlawful sexual contact. He asserts that the trial court erred when it ruled that, under section 18–1.3–405, C.R.S.2012, he was only entitled to nineteen days of presentence confinement credit (PSCC) against his misdemeanor sentence. Instead, he contends that the court was required under section 18–1.3–509, C.R.S.2012, to give him credit for all 274 days he spent in presentence confinement. We disagree and affirm.

## I. Background

¶ 2 While defendant was on parole for another offense, police arrested him on suspicion of sexual assault and other offenses and booked him into the Pueblo County Jail. Unable to post bond, he remained there pending disposition of the charges.

¶ 3 Pursuant to a plea agreement, on August 24, 2010, defendant pleaded guilty to misdemeanor unlawful sexual contact and the court sentenced him to one year in the county jail. At the sentencing hearing, applying section 18–1.3–405, the trial court ruled that defendant was entitled to nineteen days of PSCC. The court concluded that defendant was not entitled to PSCC for the entire period of his presentence confinement because all but the last nineteen days of that period must be applied to his parole sentence and not the pending charge. Because defendant's parole had been discharged on August 5, 2010, and he was sentenced on August 24, 2010, the court concluded that he should receive nineteen days of PSCC toward his misdemeanor sentence.

¶ 4 This appeal followed. The trial court granted a personal recognizance bond, and defendant was released pending appeal.

## II. Presentence Confinement Credit

¶ 5 Defendant contends that the trial court erred in awarding him only nineteen days of PSCC. Specifically, he asserts that, in determining PSCC for a misdemeanor conviction, section 18–1.3–509 controls, not section 18–1.3–405, and he was therefore entitled to credit for all 274 days of presentence confinement even though he was on parole during most of that time. The People contend that defendant failed to preserve this issue in the trial court because he did not mention section 18–1.3–509.

¶ 6 We agree that defendant did not preserve the issue. Accordingly, plain error is the standard of review. Applying that standard and construing the applicable statutory provisions, we conclude that defendant is not entitled to credit for time served while on parole.

### A. Preservation of the Issue

¶ 7 Defendant failed to cite section 18–1.3–509 at his sentencing hearing. Because the issue on appeal turns on the meaning of a statute never cited to the trial court, see *Novak v. Craven*, 195 P.3d 1115, 1119–20 (Colo.App.2008) (a party must provide the court with at least some notice of the existence of a legislative provision that is essential to his or her case), we will apply plain error review. See *People v. Vigil*, 127 P.3d 916, 929–30 (Colo.2006).

¶ 8 "Plain" in this context is synonymous with "clear" or "obvious." *Lehnert v.*

*People,* 244 P.3d 1180, 1185 (Colo.2010). Plain error is error that is so clear-cut, so obvious, that a competent trial judge should be able to avoid it without benefit of objection. *People v. O'Connell,* 134 P.3d 460, 464 (Colo.App.2005) (citing *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Plain error requires reversal if, after a review of the entire record, a court can conclude with fair assurance that the error so undermined the fundamental fairness of the proceeding itself as to cast serious doubt on the reliability of the judgment of conviction. *Lehnert,* 244 P.3d at 1185; *People v. Miller,* 113 P.3d 743, 748 (Colo.2005).

### B. Statutory Interpretation

¶ 9 Where, as here, we must interpret statutory provisions, we review de novo. *People v. Disher,* 224 P.3d 254, 256 (Colo. 2010); *Bostelman v. People,* 162 P.3d 686, 689–90 (Colo.2007).

¶ 10 "In construing a statute, the intent of the legislature is to be ascertained and given effect whenever possible." *People v. Swain,* 959 P.2d 426, 429 (Colo.1998). To determine the legislature's intent, we first look to the plain language of the statute. *Bostelman,* 162 P.3d at 690. Then,

> [i]f that intent is not clear from the language of the statute alone, or if the statute appears to conflict with other statutes, various intrinsic and extrinsic aids to statutory construction may resolve the ambiguity. Particularly, when a statute is clearly part of a comprehensive regulatory scheme, the scheme should be construed to give consistent, harmonious, and sensible effect to all its parts.

*Shipley v. People,* 45 P.3d 1277, 1278 (Colo. 2002) (citations omitted).

¶ 11 When the legislature enacts a statute, we presume that it intended a just and reasonable result, and we will not follow a statutory construction that defeats legislative intent. § 2–4–201(1), C.R.S.2012; *Kauntz v. HCA–Healthone, LLC,* 174 P.3d 813, 816 (Colo.App.2007).

¶ 12 Moreover, if the statute is "ambiguous or silent regarding the matter at issue, we interpret the statute to comport with the legislature's objectives." *Buckley v. Chilcutt,* 968 P.2d 112, 117 (Colo.1998).

¶ 13 "[W]hen a statute is susceptible of more than one reasonable interpretation, a court must look beyond the language of the statute and consider other factors ...." *People v. Sorrendino,* 37 P.3d 501, 503 (Colo. App.2001). Statutes concerning the same subject matter must be construed *in pari materia* to ascertain legislative intent and to avoid inconsistencies. *Martinez v. People,* 69 P.3d 1029, 1033 (Colo.2003). In other words, such statutes should be construed together and reconciled if possible, so as to give effect to each statute. *M.S. v. People,* 812 P.2d 632, 637 (Colo.1991).

¶ 14 Also, if the statute is ambiguous, a court may consider the end sought to be achieved, the state of the law before the enactment, the statute's legislative history, and the consequences of a particular construction. § 2–4–203, C.R.S.2012; *State v. Nieto,* 993 P.2d 493, 502 (Colo.2000).

> If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

§ 2–4–205, C.R.S.2012; *see Jenkins v. Panama Canal Ry. Co.,* 208 P.3d 238, 241–42 (Colo.2009) (when statutes are irreconcilable, the specific provision prevails over the general provision). "If statutes ... are irreconcilable, the statute prevails which is latest in its effective date." § 2–4–206, C.R.S.2012; *see Jenkins,* 208 P.3d at 242.

¶ 15 Finally, "[i]f, after having employed the various aids to statutory construction, we are still unable to discern controlling legislative intent, the rule of lenity requires that we construe the statute favorably to the accused." *Sorrendino,* 37 P.3d at 503–04.

### C. Law and Application

#### 1. Plain Language, Ambiguity, and Conflict

¶ 16 We start by reviewing the plain language of the statutes at issue. Section 18–

1.3–509, titled "Credit for time served on misdemeanor offenses," provides:

> A person who is confined for a misdemeanor offense prior to the imposition of a sentence for the misdemeanor offense shall be entitled to credit against the term of his or her sentence for the entire period of the confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include the finding in the mittimus. The period of confinement shall be deducted from the offender's sentence by the county jail.

¶ 17 Section 18–1.3–405, titled "Credit for presentence confinement," states in pertinent part:

> A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence by the department of corrections.... If a defendant is serving a sentence or is on parole for a previous offense when he or she commits a new offense and he or she continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

¶ 18 Here, the first sentence of section 18–1.3–509 states that a person confined for a misdemeanor offense prior to sentencing for that offense must be given credit against his sentence for the entire period of his presentence confinement. This language is substantially identical to the first sentence of section 18–1.3–405, except that the latter provision simply uses the term "offense." Furthermore, the second and third sentences of both statutes are substantively the same, except that section 18–1.3–509 refers to the county jail whereas section 18–1.3–405 refers to the Department of Corrections.

¶ 19 However, the last sentence of section 18–1.3–405 addresses the calculation of PSCC when the defendant is on parole or serving a previous sentence at the time of his arrest, whereas section 18–1.3–509 does not address this issue. One would expect that this issue would be within the scope of the latter section, as those arrested for misdemeanors could also be on parole or serving a previous sentence. "A statute may be ambiguous if it is silent on an issue that would be expected to be within its scope." *People v. Carey,* 198 P.3d 1223, 1229 (Colo.App. 2008); *see also Buckley,* 968 P.2d at 117. In our view, section 18–1.3–509's silence on this issue creates an ambiguity with respect to the reach of the statute.

¶ 20 In addition, the two statutes potentially could conflict with each other. By its plain language, section 18–1.3–405 applies to those confined for an "offense" whereas section 18–1.3–509, by its language, applies to those confined for a "misdemeanor offense." But the common understanding of the term "offense" clearly is not limited to felonies; it also includes misdemeanors. *See, e.g., Black's Law Dictionary* 1186 (9th ed. 2009) ("[An offense is a] violation of the law; a crime, often a minor one.").

¶ 21 Furthermore, before the enactment of section 18–1.3–509, courts had discretion under section 18–1.3–405 in determining whether to grant PSCC on misdemeanor offenses. *See People v. Johnson,* 797 P.2d 1296, 1299 (Colo.1990). Although section 18–1.3–509 removed this discretion by making PSCC mandatory for misdemeanor sentences, the plain language of section 18–1.3–405 nonetheless does not limit its application only to felony offenses. Moreover, nothing in section 18–1.3–509 indicates that section 18–1.3–405 cannot be applied to misdemeanors.

¶ 22 Consequently, the statutes appear to conflict because section 18–1.3–509 is silent on the issue of PSCC while a defendant is on parole or serving a previous sentence, while section 18–1.3–405 states that a defendant's presentence confinement must be applied to his parole or previous sentence.

¶ 23 Accordingly, we turn to other statutory aids to discern legislative intent. *Shipley,* 45 P.3d at 1278; *Sorrendino,* 37 P.3d at 503.

2. Prior Law and Legislative History

■ ¶ 24 The state of the law before the enactment of section 18–1.3–509 and the legislative history of the statute support our conclusion that defendant is not entitled to credit against his new misdemeanor sentence for time served while on parole for a prior offense.

■ ¶ 25 There is no constitutional right to receive PSCC, *People v. Martinez,* 192 Colo. 388, 390, 559 P.2d 228, 229 (1977), and until 1979, there was no statutory right, either. *Schubert v. People,* 698 P.2d 788, 794 (Colo.1985). Before the statutory enactment, the law only required that a sentencing court consider the offender's period of presentence confinement, but it did not require granting credit for time served. *Id.*

¶ 26 In 1979, however, the General Assembly repealed the discretionary statute and created a statutory right to PSCC. Ch. 157, sec. 7, § 16–11–306, 1979 Colo. Sess. Laws 665–66. That statutory provision did not deal with the situation involving a defendant who was serving a sentence or on parole when arrested.

¶ 27 In construing the 1979 statute, the supreme court stated that the legislature's purpose in eliminating sentencing courts' discretion and mandating the granting of PSCC was to ensure that those who could not afford to post bail would not serve longer periods in jail than wealthier offenders who, by posting bail, could secure their presentence freedom. *Schubert,* 698 P.2d at 794. The court concluded that this purpose would be frustrated if an offender could obtain credit for presentence confinement served in connection with an unrelated charge or sentence. *Id.* at 795. The court also stated that it would be contrary to the intent of the statute to grant PSCC to an offender who, before sentencing, was already serving time on a previously imposed sentence. *Id.* The court reasoned that granting duplicative credits in such circumstances would be "the very antithesis of the purpose which the legislature sought to achieve in enacting" the statute. *Id.*

¶ 28 In 1988, the General Assembly amended the statute, adding the following language with regard to defendants arrested while serving a sentence or on parole:

If a defendant is serving a sentence or is on parole for a previous offense when he commits a new offense and he continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

Ch. 110, sec. 2, § 16–11–306, 1988 Colo. Sess. Laws 663–64.

¶ 29 In 2002, the General Assembly relocated section 16–11–306 to section 18–1.3–405, making only minor stylistic revisions. Ch. 318, sec. 2, § 18–1.3–405, 2002 Colo. Sess. Laws 1403.

¶ 30 In 2007, the General Assembly enacted section 18–1.3–509. This statute was part of an omnibus bill concerning defendants' criminal procedure rights and was proposed by the Colorado Criminal Defense Bar. Hearings on H.B. 1315 before the H. Judiciary Comm., 64th Gen. Assemb., 1st Sess. (Mar. 7, 2007).

¶ 31 During the House Committee hearing, one speaker described section 18–1.3–509 as requiring "PSCC to be ordered on misdemeanor cases similar to that which is required on felony cases." *Id.* An attorney speaking on behalf of the Colorado Criminal Defense Bar stated the following: "[Section 18–1.3–509] makes misdemeanors consistent with felonies. [Section 18–1.3–405] already requires that in felony cases the court grant presentence confinement .... That is not required for misdemeanors, and this [new section 18–1.3–509] just makes it consistent." *Id.* At the Senate Committee hearing, this attorney reiterated that section 18–1.3–509 "simply mirrors the language already in state law for felony cases." Hearings on H.B. 1315 before the S. Judiciary Comm., 64th Gen. Assemb., 1st Sess. (Mar. 19, 2007).

¶ 32 Defendant contends the legislative history shows that the General Assembly

considered including in section 18–1.3–509 the additional language found in section 18–1.3–405, but ultimately chose to omit those provisions. Defendant offers no support for this assertion, and after reviewing the legislative history, we find none. To the contrary, the legislative history indicates that the General Assembly's intent in enacting section 18–1.3–509 was to make the law on PSCC for misdemeanors consistent with the law on PSCC for felonies. All the statements concerning section 18–1.3–509 made during the committee hearings support this conclusion. *See Martin v. People,* 27 P.3d 846, 853–55 (Colo.2001) (concluding that statements made in committee hearing provide guidance to courts in interpreting statutes). Furthermore, no versions of the bill include any language similar to that contained in section 18–1.3–405, lending further support to the conclusion that the legislature did not contemplate that section 18–1.3–509 would supersede or supplant section 18–1.3–405 with regard to PSCC credit against a previous sentence or parole.

### 3. *In Pari Materia*

¶ 33 According to the doctrine of *in pari materia,* statutes concerning the same subject matter must be construed together to ascertain legislative intent and to avoid inconsistencies. *Martinez,* 69 P.3d at 1033. As such, we must construe sections 18–1.3–405 and 18–1.3–509 together if possible, so as to give effect to each statute. *M.S.,* 812 P.2d at 637.

¶ 34 Here, both provisions are part of the regulatory scheme governing criminal sentencing and are located in article 1.3 of the Colorado Criminal Code. More specifically, both regulate credit for time served in presentence confinement and, thus, concern the same subject matter.

¶ 35 These two statutes can be construed so that they are not in conflict with one another. As stated above, the plain language of section 18–1.3–405 does not limit its application to felonies; rather, the term "offense" includes a misdemeanor offense. Also, although section 18–1.3–509 requires the trial court to grant PSCC on misdemeanor sentences, the text of the statute does not in any way indicate that the parole and previous sentence provisions in section 18–1.3–405

should not apply to misdemeanors. Therefore, we can reconcile these two statutes by construing section 18–1.3–509 to remove the discretion whether to grant PSCC on misdemeanors, while allowing the provision of section 18–1.3–405 that concerns PSCC credit against a previous sentence or parole to apply to misdemeanor sentences. *See, e.g., Martinez,* 69 P.3d at 1031 ("[W]hen a statute is clearly part of a comprehensive regulatory scheme, the scheme should be construed to give consistent, harmonious, and sensible effect to all its parts.").

¶ 36 Accordingly, we further reject defendant's contention that because these statutory provisions are irreconcilable, section 18–1.3–509 must control because it was enacted later in time. As previously noted, later enacted statutes prevail only when the two statutes at issue are irreconcilable, § 2–4–206, and the provisions at issue here are not irreconcilable. We also reject defendant's contention that the provisions of section 18–1.3–509 must control because it is a special statute, which should control over section 18–1.3–405, a more general provision. Again, that principle of statutory construction is applicable only when any conflict between the two provisions is irreconcilable, § 2–4–205, and that is not the case here.

### 4. Consequences of a Particular Construction

¶ 37 Defendant's proposed construction of section 18–1.3–509 conflicts with the principle that courts should not follow a statutory interpretation that leads to an illogical or absurd result. *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004). His proposed construction would grant duplicative credit for time served to misdemeanor offenders serving a sentence or on parole at the time of a new offense, but not to those offenders convicted of a new felony.

¶ 38 Furthermore, this construction would be contrary to the purpose of granting PSCC—"to insure that defendants receive full, but not duplicative, credit for the period of presentence confinement attributable to the charge or conduct for which they were sentenced." *Johnson,* 797 P.2d at 1299.

Thus, we cannot conclude that the General Assembly intended such a result.

### 5. Additional Contentions

¶ 39 To the extent defendant contends that section 18–1.3–405 governs only felonies, we disagree.

¶ 40 Section 18–1.3–405 is located in part 4 of article 1.3. Part 4 is titled "Sentences to Imprisonment." This part contains various felony sentencing laws, but the language of its title in no way indicates that the part pertains only to felonies. The General Assembly routinely uses the term "imprisonment" to refer to confinement in both county jails and the Department of Corrections. *E.g., Shipley,* 45 P.3d at 1279 ("As used in the statutes and case law of this jurisdiction, however, 'imprisonment' is clearly not limited to confinement in a state penitentiary."). For example, although section 18–1.3–509 does not use the term "imprisonment," other statutes governing misdemeanors in part 5, "Misdemeanor and Petty Offense Sentencing," do so. *E.g.,* §§ 18–1.3–501 to –503, C.R.S.2012. Most importantly, however, neither the title nor the text of section 18–1.3–405 limits its application to felonies. Thus, we are not persuaded by this argument.

¶ 41 Defendant also argues that, because section 18–1.3–509 does not contain the limiting language found in section 18–1.3–405, section 18–1.3–509 must be construed as prohibiting the application of section 18–1.3–405 to misdemeanors. In other words, he asserts that only the language in section 18–1.3–509 is relevant to determining PSCC for misdemeanor sentences. We reject this argument.

¶ 42 As discussed above, because sections 18–1.3–405 and 18–1.3–509 concern the same subject matter, they should be construed *in pari materia* and reconciled so that all the provisions in each statute are given effect. Moreover, "[t]he legislature is presumed to intend that the various parts of a comprehensive scheme are consistent with and apply to each other, without having to incorporate each by express reference in the other statutory provisions." *Martinez,* 69 P.3d at 1033 (citing 2B Norman J. Singer, *Sutherland Statutory Construction* § 51.02, at 188 (6th ed. 2000) ("Provisions in one act which are omitted in another on the same subject matter will be applied when the purposes of the two acts are consistent.")).

¶ 43 Sections 18–1.3–405 and 18–1.3–509 are both part of the criminal sentencing scheme, and both concern the subject of credit for time served. Consequently, we conclude that, although section 18–1.3–509 requires a court to grant PSCC for presentence confinement on a misdemeanor offense and thereby supersedes the discretion that was previously available under section 18–1.3–405, the last sentence of section 18–1.3–405 is applicable to misdemeanor offenses. *See* 2B Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 51:2, at 222–23 (7th ed. 2008) ("Prior statutes relating to the same subject matter are compared with the new provision; if it is possible by reasonable construction, both are construed so that effect is given to every provision in all of them.").

¶ 44 In sum, after employing various statutory aids, we conclude that in enacting section 18–1.3–509 the General Assembly intended that credit for time served on misdemeanor offenses should be treated the same as credit for time served on felony offenses. Therefore, the last sentence of section 18–1.3–405 applies to misdemeanor offenses where the defendant is serving a prior sentence or is on parole at the time of his confinement on the new misdemeanor charge.

¶ 45 Because we are able to discern the General Assembly's intent, we decline to employ the rule of lenity to construe section 18–1.3–509 in defendant's favor. *People v. Harris,* 914 P.2d 425, 430 (Colo.App.1995) ("The rule of lenity may be employed only to resolve an unyielding statutory ambiguity, not to create one.").

¶ 46 Because we conclude that the trial court did not err, let alone plainly err, in granting defendant nineteen days of PSCC, we need not address defendant's other contentions.

¶ 47 The sentence is affirmed.

Judge BOORAS concurs.

Judge BERNARD specially concurs.

Judge BERNARD specially concurring.

¶ 48 I would not address the unpreserved non-constitutional statutory interpretation issue that is the focus of the majority opinion. I respectfully submit that it is not properly before us because it should have been raised at defendant's sentencing hearing. *See People v. Tillery,* 231 P.3d 36, 55–56 (Colo.App.2009) (Bernard, J., specially concurring) (questioning whether unpreserved sentencing errors, including allegations of double jeopardy error, are subject to plain error review), *aff'd on other grounds sub nom. People v. Simon,* 266 P.3d 1099 (Colo.2011).

¶ 49 Defendant also raises unpreserved constitutional arguments that the majority does not need to resolve to reach its result. I would not address them, either. *See People v. Lesney,* 855 P.2d 1364, 1366 (Colo.1993) (the supreme court will not address the constitutionality of a statute if that issue "is not presented to the trial court and is [instead] raised for the first time on appeal"); *People v. Cagle,* 751 P.2d 614, 619 (Colo.1988) ("It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal."); *Tillery,* 231 P.3d at 55–56 (Bernard, J., specially concurring).

¶ 50 As a result, I would dismiss defendant's appeal, which would, as the majority opinion does, leave his sentence undisturbed.