The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gesere Q. HENRY, Defendant–Appellant.

Court of Appeals No. 12CA0786

Colorado Court of Appeals, Div. II.

Announced July 3, 2013

As Modified on Denial of Rehearing Aug. 15, 2013

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2012.

John W. Suthers, Attorney General, Majid Yazdi, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Britta Kruse, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge LICHTENSTEIN

¶ 1 Defendant, Gesere Q. Henry, appeals his sentence, arguing that the district court erred in denying him any presentence confinement credit (PSCC). Because we conclude that the court misapprehended its authority under the PSCC statute, we reverse that portion of defendant's sentence and remand for the court to amend the mittimus as directed in this opinion.

## I. Background

¶ 2 While on mandatory parole in another case, defendant was charged with numerous offenses in this case. He later pleaded guilty to an added count of attempted sexual assault on a child in exchange for the dismissal of the original charges against him and a maximum sentence of three years in the Department of Corrections (DOC), to be served concurrently with his sentence in the parole case.

¶ 3 The district court sentenced defendant according to the agreement, but denied his request for 397 days of PSCC for the time he had spent in jail between the date of his arrest and the date of sentencing. The court concluded that, based on its understanding of the PSCC statute, defendant was "not entitled to any presentence confinement credit" because he was on parole when he committed his offense. The court further stated that, even if it granted defendant PSCC, "the [DOC] would be required to just apply that presentence confinement credit to [his parole

case]." Consequently, the court did not include any PSCC on the mittimus. Defendant now appeals that ruling.

## II. Standard of Review

¶ 4 Because defendant's appeal raises an issue of statutory interpretation, we review de novo the court's ruling concerning PSCC. *See People v. Carrillo*, 2013 COA 3, ¶9, 297 P.3d 1028, 1030. Our primary purpose when interpreting a statute is to ascertain and give effect to the legislature's intent. *Id.* at ¶ 10.

## III. PSCC Statute

¶ 5 The PSCC statute states in relevant part:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. The period of confinement shall be deducted from the sentence by the department of corrections.... If a defendant is serving a sentence or is on parole for a previous offense when he or she commits a new offense and he or she continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

§ 18–1.3–405, C.R.S. 2012.

■ ¶ 6 As we explain more fully below, there are two components to this statute. The first component grants the district court the authority to determine whether, and how much, PSCC a defendant should receive, while the second component grants the DOC the authority to determine how such credits are applied.

## A. Entitlement to PSCC

■ ¶ 7 We initially conclude that the district court erred in concluding that defendant was not entitled to any PSCC.

■ ¶ 8 Our supreme court has concluded that a district court's only responsibility under the PSCC statute is to make a finding of the amount of PSCC, if any, to which a defendant is entitled, and to enter that amount on the mittimus. *See Edwards v. People*, 196 P.3d 1138, 1144 (Colo.2008). In deciding whether a defendant is entitled to credit for a particular period of presentence confinement, the court must consider whether the charge or conduct for which the defendant is to be sentenced was the actual cause of the confinement. *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985); *People v. Roy*, 252 P.3d 24, 28 (Colo.App.2010).

¶ 9 Here, there is no dispute that defendant's confinement from the date of his arrest (February 3, 2011) to the date of his sentencing (March 5, 2012) was actually caused by the charges filed in this case.

¶ 10 Therefore, the district court erred both in concluding that defendant was not entitled to PSCC credit and in failing to include such credit in the mittimus.

## B. Application of PSCC

■ ¶ 11 We further conclude that the court erred in partially basing its decision to deny defendant PSCC on how it thought the DOC was required to apply that credit.

■ ¶ 12 As noted, a sentencing court has no discretion to deny PSCC to which a defendant is entitled; its role is to determine the amount, and enter it on the mittimus. *Edwards*, 196 P.3d at 1144. It is the DOC's, not the district court's, responsibility to apply PSCC. § 18–1.3–405; *Edwards*, 196 P.3d at 1144. It is also the DOC's responsibility to determine to which sentence or sentences it will apply such credit. *People v. Ostuni*, 58 P.3d 531, 534 (Colo.2002) ("While the responsibility for allocating [PSCC] among new and previous offenses is not expressly assigned to the [DOC], ... this is the clear inference to be drawn from both the nature and location of the specific limitation [in the statute's last sentence].").

¶ 13 Consequently, we conclude that the court erred in considering how the DOC would apply any PSCC awarded to defendant in deciding whether defendant was entitled to such credit. Thus, we direct the court on remand to amend the mittimus to reflect 397 days of PSCC.

¶ 14 However, unlike the circumstances in *Norton,* the concern of duplicative credits is not present here because the sentence for defendant's new offense was imposed concurrently with, not consecutively to, his parole sentence.

¶ 15 Generally, when concurrent prison sentences are imposed in the same judicial district, PSCC must be applied to each sentence for which the underlying charge was an actual cause of the defendant's presentence confinement. *Massey v. People,* 736 P.2d 19, 21 (Colo.1987). This ensures that the defendant will receive credit for the full period of presentence confinement against the total term of his or her imprisonment, while at the same time avoiding duplicative sentencing credit, as would occur with consecutive sentences. *See Schubert,* 698 P.2d at 795; *People v. Etts,* 725 P.2d 73, 74 (Colo.App.1986); *see also People v. Johnson,* 797 P.2d 1296, 1299 (Colo.1990) (the goal of the PSCC statute is "to insure that defendants receive full, but not duplicative, credit for the period of presentence confinement attributable to the charge or conduct for which they were sentenced").

¶ 16 Accordingly, we direct the court on remand to amend the mittimus to reflect 397 days of PSCC.

¶ 17 Because defendant's parole case is not before us, we express no opinion concerning his sentence in that case.

¶ 18 The sentence is reversed in part, and the case is remanded for amendment of the mittimus as directed in this opinion.

Judge CASEBOLT and Judge DUNN concur.