23CA1524 Peo v Mitchell 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1524 Douglas County District Court No. 19CR1231 Honorable Patricia D. Herron, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Troy Andrew Mitchell, Defendant-Appellant. ORDER AFFIRMED Division A Opinion by JUDGE HAWTHORNE* Román, C.J., and Berger*, J., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Rachel C. Funez, Alternate Defense Counsel, Glenwood Springs, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Troy Andrew Mitchell, directly appeals the sentencing court’s denial of his request for additional presentence confinement credit (PSCC). We affirm. I. Background ¶ 2 Mitchell and others stole credit cards from gym lockers in multiple states and then purchased retail items with the stolen cards. In August 2019, Mitchell was arrested in Washington on charges of theft and identity theft committed in that state. In November 2019, Douglas County, Colorado issued a $25,000 bond warrant for Mitchell’s arrest based in part on charges of identity theft and third degree burglary committed in Colorado. ¶ 3 In January 2022, Mitchell wrote two letters to the Douglas County court, asserting that he was serving a fifty-five-month sentence in Washington and that the outstanding Douglas County warrant prevented his participation in work release. In his January 4, 2022, letter, he asked the court to quash the warrant “or come get me.” His January 12, 2022, letter, which was accompanied by Interstate Agreement on Detainers Act (IAD) paperwork from the Washington Department of Corrections (WDOC), again asked to quash the warrant “or be brought in to address it.” See 
2 § 24-60-501, C.R.S. 2023 (enacting the IAD in Colorado); see also Wash. Rev. Code § 9.100.010 (2023) (enacting the IAD in Washington). The court denied the motion to quash without discussing Mitchell’s request to address his Colorado charges. ¶ 4 The Douglas County prosecution lodged its warrant as a detainer against Mitchell in Washington on January 5, 2023, and extradited him to Colorado the following month. Mitchell pleaded guilty to one count of identity theft and one count of third degree burglary. The sentencing court ultimately imposed two concurrent three-year prison sentences, to be served concurrently with ongoing sentences in Washington and Oregon. ¶ 5 Regarding PSCC, the court acknowledged that Mitchell should receive credit for the days he spent confined in Washington “if he would have been subject to release from the other facility but for our outstanding warrant.” It implicitly found that without a detainer on the charges in this case, Mitchell could have been released from WDOC. It granted 561 days of PSCC — reflecting the number of days Mitchell was confined between his January 4, 2022, attempt to perfect his IAD rights and his July 19, 2023, sentencing date. 
3 II. Discussion ¶ 6 Mitchell contends, as he did at sentencing, that he is entitled to PSCC for every day he was confined in Washington after Douglas County issued an arrest warrant, which, according to him, totals 1226 days. We disagree because Mitchell did not establish a substantial nexus between his Washington confinement and his Colorado charges for any days prior to January 4, 2022.
1 A. Standard of Review and Applicable Law ¶ 7 Whether a sentencing court properly denied PSCC is a legal question that we review de novo. Russell v. People, 2020 CO 37, ¶ 18. ¶ 8 “A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement.” § 18-1.3-405, C.R.S. 2023. It is the sentencing court’s role to determine whether, and how much, PSCC a 1 The People maintain that Mitchell is entitled to presentence confinement credit (PSCC) only from January 5, 2023 — the date the prosecution lodged a detainer — onward. But they did not cross-appeal or ask us to alter the PSCC award, so we decline to address whether Mitchell is entitled to PSCC between January 4, 2022, and January 5, 2023.] 
4 defendant should receive and to enter that amount on the mittimus. People v. Henry, 2013 COA 104M, ¶¶ 6, 8. The court has no discretion to deny such credit if a defendant is entitled to it. Id. at ¶ 12; see People v. Baker, 2019 CO 97M, ¶ 17. But the defendant bears the burden of establishing entitlement to PSCC. People v. Fransua, 2016 COA 79, ¶ 7, aff’d, 2019 CO 96; see People v. Smith, 183 P.3d 726, 732 (Colo. App. 2008) (“The defendant must show a substantial nexus between the charge or conduct for which he or she is to be sentenced and the period of presentence confinement for which credit is sought.”). ¶ 9 The purpose of granting PSCC is “to insure that defendants receive full, but not duplicative, credit for the period of presentence confinement attributable to the charge or conduct for which they were sentenced.” People v. Johnson, 797 P.2d 1296, 1299 (Colo. 1990). Thus, when deciding whether a defendant is entitled to PSCC, a sentencing court must consider (1) whether there is a substantial nexus between the charge sentenced and the defendant’s presentence confinement, and if so, (2) whether any portion of the PSCC award would be duplicative. See Russell, ¶¶ 24-26. “[A] substantial nexus exists where the defendant would 
5 have remained confined on the charge or conduct for which credit is sought in the absence of any other charge.” Id. at ¶ 24. As relevant here, when a defendant’s confinement in one jurisdiction is caused by charges in multiple jurisdictions, he is entitled to nonduplicative PSCC. Id. at ¶ 25. B. Analysis ¶ 10 Mitchell’s claim of a substantial nexus between his pre-
January 4, 2022, confinement and his Colorado charges relies primarily on an allegation that Douglas County entered an extraditable no-bond-hold arrest warrant into a nationwide system on November 18, 2019 — a warrant that Mitchell alleges would cause him to remain in custody, even in the absence of Washington charges. See id. at ¶ 16 (“[R]egarding whether a substantial nexus exists, causation, not geography, is the defining question.”). In support of this allegation, Mitchell asserts that “he was told . . . that should Washington release him on their case, he could not have walked out of their custody since there was this active Douglas County warrant,” and he points to four documents in the record: 
6 • a Douglas County District Court order dated November 15, 2019, stating “[a] warrant is to issue and bond is set at $25,000 cash or surety”; • a document dated July 1, 2022, showing Mitchell’s name, photograph, description, and Douglas County case number, and stating “nationwide extradition . . . if arrested outside of Colorado request no bond hold”; • a March 4, 2022, WDOC “notification of the receipt of” Mitchell, to the warrant division of Douglas County, directing the county to forward a certified copy of its warrant “if it would like this filed as a detainer”; and • an email from the Douglas County chief deputy district attorney replying, “We do not intend to place a detainer on Mr. Mitchell at this point.” ¶ 11 The latter two documents suggest that in March 2022, Douglas County had not yet requested detainment of Mitchell on his Colorado charges. And even assuming that a nationwide extradition warrant requesting a no-bond hold would itself, without a detainer, cause Mitchell to be confined absent Washington charges, Mitchell has not demonstrated that such a warrant existed 
7 before July 2022. See Fransua, ¶ 7. Mitchell’s bare assertion that someone in Washington told him, at some point, that he wouldn’t be released even in the absence of Washington charges is unavailing. And the document that purportedly shows a nationwide extradition warrant was issued on July 1, 2022. Mitchell does not explain, and we do not perceive, how this document could be interpreted to apply to an earlier time period. ¶ 12 To the extent Mitchell asserts that the Douglas County $25,000 bond arrest warrant is sufficient to create a substantial nexus with his confinement in Washington — in other words, to cause him to be confined in Washington absent local charges — we disagree. Divisions of this court have held that without an extradition warrant from Colorado, an alleged or convicted offender’s confinement in a foreign jurisdiction on foreign charges is not caused by charges in Colorado. See People v. Bray, 819 P.2d 528, 529-30 (Colo. App. 1981) (the convicted offender, who absconded from Colorado before sentencing, was not entitled to PSCC for time spent in a British jail on British charges prior to actual service of an extradition warrant); see also People v. Finley, 141 P.3d 911, 916 (Colo. App. 2006) (the defendant was not entitled 
8 to PSCC for confinement in Georgia when he was neither arrested on a Colorado warrant nor held in Georgia on Colorado charges); cf. People v. Hardman, 653 P.2d 763, 764 (Colo. App. 1982) (the defendant, who was arrested in Ohio on a Colorado extradition warrant, was entitled to PSCC for confinement in Ohio); People v. Allen, 2024 COA 43M, ¶ 13 (“the only thing” holding the defendant in custody for purposes of a preliminary hearing was a Louisiana prison sentence — not a Colorado charge for which he had not been arrested). We decline to depart from these decisions. ¶ 13 We are not persuaded otherwise by the Washington statutes cited for the first time in Mitchell’s reply brief. Although under Washington law, law enforcement may lawfully and constitutionally arrest an alleged out-of-state felony offender based on an out-of-
state warrant, that is not what happened here. See Case v. Kitsap Cnty. Sheriff’s Dep’t, 249 F.3d 921, 925-28 (9th Cir. 2001) (Washington arrest based on Oregon warrant was permissible under Wash. Rev. Code § 10.88.330 (2023); within two hours of arrest, Oregon confirmed it would extradite the defendant); see also Wash. Rev. Code § 10.88.320 (2023). The record contradicts Mitchell’s allegation that the Douglas County arrest warrant was issued 
9 before his arrest in Washington — that warrant was not the cause of his arrest. And the two additional Washington statutes cited are inapplicable because Mitchell was confined based on his Washington sentence, and Colorado did not seek a detainer or demand extradition before the confinement portion of Mitchell’s Washington sentence had been served. See Wash. Rev. Code §§ 10.88.360, .380 (2023). ¶ 14 For these reasons, we cannot conclude that Mitchell met his burden to establish that his pre-January 4, 2022, confinement in Washington was caused by his Colorado charges. See Fransua, ¶ 7; see also Smith, 183 P.3d at 732. We therefore conclude that there is no substantial nexus between Mitchell’s Colorado charges and the additional 665 days for which he seeks PSCC. We need not consider whether any such credit would be duplicative. III. Disposition ¶ 15 The sentencing court’s order as to the amount of PSSC, as noted in the mittimus, is affirmed. CHIEF JUDGE ROMÁN and JUDGE BERGER concur.