The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 26, 2026

## 2026COA19

**No. 24CA1744, *People v. Endsley* — Criminal Law — Sentencing
— Credit for Presentence Confinement — Waiver**

A division of the court of appeals determines, for the first time,

that a defendant can waive his presentence confinement credit as

part of a plea agreement and instructs, when such a waiver occurs,

how it should be reflected on the mittimus.

COLORADO COURT OF APPEALS                              **2026COA19**

Court of Appeals No. 24CA1744
Jefferson County District Court No. 22CR1795
Honorable Ryan P. Loewer, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kerry Ellis Endsley,

Defendant-Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Pawar and Gomez, JJ., concur

Announced March 26, 2026

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

The Noble Law Firm, LLC, Antony Noble, Lakewood, Colorado, for Defendant-
Appellant

¶ 1     This case addresses, for the first time in Colorado, whether a defendant can waive his presentence confinement credit (PSCC) as part of a plea agreement, and, if so, how a court should reflect this on the mittimus.

¶ 2     Defendant, Kerry Ellis Endsley (Endsley), appeals the postconviction court's order denying his Crim. P. 35(a) motion to correct a sentence imposed in an illegal manner.  He contends that, although the district court correctly noted on the mittimus the amount of time he spent in presentence confinement, it erroneously ordered the Department of Corrections (DOC) not to apply the PSCC against his sentence.

¶ 3     We conclude that, because Endsley voluntarily waived his PSCC as a term of his plea agreement, he was not entitled to PSCC. Therefore, we affirm the district court's order but remand the case so the court can reflect on the mittimus that Endsley is not entitled to any PSCC due to a term in his plea agreement.

## I.     Background

¶ 4     Endsley accepted an offer to plead guilty to attempted first degree murder and attempt to disarm a peace officer.  In exchange, the prosecution agreed to dismiss the remaining charges and

1

stipulated to a thirty-five-year sentence in the custody of the DOC. In addition to the stipulated sentence, Endsley agreed, as a term of the written plea agreement, that he would receive "[n]o credit for time served."

¶ 5 At the providency hearing, the court read the above plea terms and asked Endsley if they were "consistent with [his] understanding of the proposed agreement" and if he wanted to accept the plea offer. Endsley responded, "Yes, Your Honor." Endsley confirmed that he had read, understood, and signed the written plea agreement.

¶ 6 But at the sentencing hearing, the parties disputed the legality of the stipulated plea term that Endsley would not receive PSCC. Defense counsel agreed that "there [wa]s no dispute in the record that the [p]lea [a]greement says stipulation to foregoing . . . [PSCC]" but argued that the term was illegal because a waiver of PSCC was not authorized by the applicable statute.

¶ 7 The district court agreed with the prosecution that Endsley could waive his statutory entitlement to PSCC. The court resolved that the mittimus "w[ould] include the amount of presentence confinement time" but "w[ould] state that the [DOC] is not to give

2

credit for that." The court then imposed the stipulated sentence and stated that it "d[id] not find that [Endsley] [wa]s entitled, consistent with the agreement, [to] presentence confinement time. The mittimus w[ould] still reflect, in this case, 622 days of presentence confinement." Accordingly, the mittimus stated, "NO CREDIT FOR TIME SERVED[;] . . . THE COURT NOTES THE DEFENDANT HAS 622 DAYS CREDIT FOR TIME SERVED."

¶ 8    Subsequently, Endsley filed a Crim. P. 35(a) motion in which he reasserted that the plea agreement included "an illegal provision whereby [he] had to agree to forgo any [PSCC] in the case." Endsley asked the court to amend the mittimus to reflect the amount of PSCC to which he was entitled and to remove the direction to the DOC that it should not apply the credit. The postconviction court denied the motion, finding that Endsley knowingly, voluntarily, and intelligently waived his statutory right to PSCC. He appeals this order.

## II.    Standard of Review

¶ 9    We review de novo whether a court imposed a sentence in an illegal manner. *See Magana v. People*, 2022 CO 25, ¶ 33; *see also People v. Baker*, 2019 CO 97M, ¶ 2 (A defendant may challenge the

3

calculation of his presentence confinement credit as a sentence imposed in an illegal manner under Crim. P. 35(a).). We also review de novo whether a defendant is entitled to PSCC. *See Fransua v. People*, 2019 CO 96, ¶ 11. And to the extent that we are required to engage in statutory interpretation or to interpret the terms of the plea agreement, both issues are reviewed de novo. *See People v. Soron*, 2026 CO 3, ¶ 22; *Craig v. People*, 986 P.2d 951, 960 (Colo. 1999)).

## III. Analysis

¶ 10    Endsley argues that the postconviction court erred because (1) the provision in the plea agreement is ambiguous as to whether he intended to waive his PSCC; and (2) even if the term is not ambiguous, he could not waive PSCC because he cannot waive the imposition of an illegal sentence.

¶ 11    As to his first contention, we disagree. Endsley argues that the plea term "[n]o credit for time served" is ambiguous as to whether he was agreeing to not receive PSCC because it appears within the sections of the plea agreement that describe what the district attorney agreed to at the time of sentencing.

¶ 12    We would normally not address this argument because it was not raised in the underlying motion. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal."); *see also Craig*, 986 P.2d at 960 (a challenge to an interpretation of a plea agreement is cognizable as a Crim. P. 35(c) claim). Regardless, the only reasonable interpretation of the plea term is that Endsley agreed to waive his right to PSCC. We are also convinced that the record clearly supports this interpretation. Specifically, the provision, which has the same wording for Counts 9 and 15, says:

> I fully understand that:
>
> . . . .
>
> f. At the time of sentencing the District Attorney will (mark one of the following):
>
> ____ Make no sentencing concessions
>
> __x__ Other
>
> *Stipulated 35 years [DOC], reserve restitution. No credit for time served. Set over sentencing for [Victim Rights Act].*

In other words, Endsley agreed that the district attorney was requiring him to waive PSCC, and Endsley agreed to that term by entering into the agreement. *See id.* at 960-61.

5

¶ 13    Next, we also disagree with Endsley's argument that he cannot waive PSCC. The PSCC statute provides that "[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of [their] sentence for the entire period of such confinement." § 18-1.3-405, C.R.S. 2025. The statute then instructs that, "[a]t the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus," and that "[t]he period of confinement shall be deducted from the sentence by the [DOC]." *Id.*

¶ 14    The crux of Endsley's argument appears to be that section 18-1.3-405 imposes a nondiscretionary obligation on a court to merely determine the amount of PSCC to which a defendant is entitled and that a stipulation to waive PSCC as a term of a plea agreement is inconsistent with this statutory obligation, as it is the DOC — not the court — that has the authority under the statute to deduct a defendant's PSCC from the sentence.

¶ 15    Importantly, PSCC is not a component of a sentence. *Baker*, ¶¶ 1, 16, 18-20, 22; *cf. Craig*, 986 P.2d at 959 (A "mandatory[,] . . . statutorily prescribed sentence component . . . is not a permissible

6

subject of plea negotiations."). Instead, it is an independent calculation of the amount of time an offender serves before a sentence is imposed, which is later credited against the offender's sentence. *See Baker*, ¶¶ 1, 16, 18, 22.

¶ 16 Even so, section 18-1.3-405 confers on a defendant a statutory right to PSCC. *See* § 18-1.3-405 ("*A person . . . is entitled to* [PSCC] *against the term of* [their] *sentence . . . .*" (emphasis added)); *People v. Carrillo*, 2013 COA 3, ¶¶ 25-26, 29 (interpreting a prior codification of section 18-1.3-405 and concluding that "the General Assembly . . . created a statutory right to PSCC"). And statutory rights can be waived, *see Richardson v. People*, 2020 CO 46, ¶ 24, so long as the defendant's waiver is voluntary. *See Finney v. People*, 2014 CO 38, ¶ 16.

¶ 17 Accordingly, we conclude that a defendant may waive their statutory right to PSCC as a negotiated term of a plea agreement. *See Schubert v. People*, 698 P.2d 788, 796 n.13 (Colo. 1985) (parties can agree to a modified amount of PSCC as a term of a plea agreement); *see also People v. Bottenfield*, 159 P.3d 643, 645 (Colo. App. 2006) (a defendant can waive a statutory right as a term of a plea agreement).

7

¶ 18     We recognize that section 18-1.3-405 also imposes an
obligation on courts: "A sentencing court does not have discretion
to grant or deny PSCC; it simply notes whether a defendant is
entitled to PSCC and, if he is, enters the amount on the mittimus."
*Edwards v. People*, 196 P.3d 1138, 1144 (Colo. 2008).  Thus, when
a defendant effectuates a valid waiver of his right to PSCC, the
court fulfills its statutory obligation by finding that the defendant is
not entitled to PSCC.  *See Robertson v. People*, 2017 COA 143M,
¶ 24 ("[P]arties may stipulate [as part of a plea agreement] as to how
a court should act within the scope of its authority . . . .").  Indeed,
that is exactly what the district court here found.

¶ 19     But Endsley argues that allowing a defendant to waive PSCC
would defeat the legislative intent behind enacting the current
version of the PSCC statute: to remove a court's discretion in
awarding PSCC and to require an award of PSCC to eliminate the
disparate treatment of indigent individuals who are unable to
secure their presentence release from custody.  Although we agree
that the PSCC statute was amended for this purpose, *see People v.
Johnson*, 797 P.2d 1296, 1298 (Colo. 1990), Endsley fails to explain
why this legislative intent would negate a defendant's ability to

waive the beneficial right to PSCC as part of a negotiation to secure other concessions in a plea agreement.

¶ 20 We do, however, agree with Endsley that the language on the mittimus must be amended because, as discussed, the court does not have the authority to direct the DOC how it should act. *See People v. Henry*, 2013 COA 104M, ¶¶ 12-13; *see also Edwards*, 196 P.3d at 1144. Section 18-1.3-405 requires a court to determine the amount of PSCC to which a defendant is entitled. *See Russell v. People*, 2020 CO 37, ¶¶ 5-6, 16, 21-22. As we have concluded above, a defendant's waiver of his statutory right to PSCC means that a court should find that the defendant is not entitled to PSCC. Thus, we remand the case for the court to amend the mittimus to reflect that Endsley is not entitled to any PSCC because he waived it as part of the plea agreement.

## IV. Conclusion

¶ 21 The order is affirmed, and the case is remanded for the court to amend the mittimus to reflect that Endsley is entitled to no PSCC.

JUDGE PAWAR and JUDGE GOMEZ concur.

9