The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Herman Jackson MURRAY, III, Defendant–Appellant.

No. 89CA1432.

Colorado Court of Appeals, Div. III.

Dec. 20, 1990.

Rehearing Denied Jan. 31, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Herman Jackson Murray, III, appeals the imposition of sentence following his guilty plea to possession of marijuana. Specifically, defendant argues that he is entitled to an additional 373 days of presentence confinement credit. We affirm in part and reverse in part.

After pleading guilty to possession of marijuana, defendant was sentenced to 2 years of probation with an additional 90 days in jail. Subsequently, defendant's probation was revoked, and he was again sentenced to 2 years of probation with 90 days in jail. On May 9, 1989, defendant's probation was again revoked, and he was sentenced to 4 years in the Department of Corrections.

Defendant did not receive credit against the 4-year sentence for the two 90-day periods in jail, nor did he receive credit for certain time he spent in Adams County jail pending charges in Adams County and awaiting probation revocation in Jefferson County. On the Adams County charges, sentence was imposed and defendant received 193 days presentence confinement credit against that sentence.

## I.

Defendant first contends that he is entitled to 180 days presentence confinement credit for the two 90-day jail terms spent as a condition of probation. We agree.

Section 16-11-306, C.R.S. (1990 Cum.Supp.) provides in pertinent part:

"A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus...."

Thus, this section requires a sentencing court to credit a defendant with that period of time spent in custody as the result of the charge for which the sentence is imposed or as a result of the conduct on which such charge is based. Schubert v. People, 698 P.2d 788 (Colo.1985). There must be a substantial nexus between such charge or conduct and the period of confinement for which credit is sought. See Torand v. People, 698 P.2d 797 (Colo.1985).

The defendant's confinement in county jail during the two 90-day jail terms was caused by the charge for which defendant was sentenced. See Schubert v. People, supra. That incarceration was based solely on his conviction for possession of marijuana and on no other charges or conduct.

In People v. Lee, 678 P.2d 1030 (Colo. App.1983), defendant was given credit for confinement in county jail used as a facility in conjunction with a work release program. We do not find the facts in this case to be distinguishable. Moreover, if defendant was not given credit for the 180 days, his sentence would be extended by that period. Thus, under the circumstances in this case, we conclude that defendant is entitled to an additional 180 days presentence confinement credit.

II.

■ Defendant next contends that he is entitled to 193 days presentence confinement credit for the time he spent in Adams County jail on pending charges and awaiting probation revocation in Jefferson County. We disagree.

Here, the defendant has failed to show a substantial nexus between the charge and the period of confinement for which credit was sought. *Schubert v. People, supra.* In this case, the record is sparse and indicates only that defendant was incarcerated in Adams County jail on charges pending in Adams County. The record does not establish that the incarceration in Adams County was also based on the revocation of probation in Jefferson County. Moreover, defendant has not proven that the Jefferson County revocation charges prevented his release from Adams County jail or contributed to his confinement outside Jefferson County. Absent such proof, he is not entitled to an award of presentence confinement credit against his Jefferson County sentence for periods of incarceration in Adams County.

■ We also reject defendant's argument that since the Jefferson County sentence was to run concurrent to the Adams County sentence, he should receive the 193–day credit. Credit for presentence confinement is granted on concurrent sentences only when the charges are within the same judicial district. *See Massey v. People,* 736 P.2d 19 (Colo.1987).

The sentence is affirmed in part and reversed in part, and the cause is remanded to the district court with directions to amend the mittimus to reflect an additional 180 days credit for the time defendant served in the county jail as a condition of probation.

METZGER and RULAND, JJ., concur.