The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Randy Dominic LOPEZ, Defendant–Appellant.

No. 97CA0227.

Colorado Court of Appeals, Div. II.

June 25, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee,

David F. Vela, Colorado State Public Defender, Ann M. Roan, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Randy Dominic Lopez, appeals the trial court's denial of his motion for credit for time served. We reverse and remand for further proceedings.

Following a guilty plea to second degree burglary, defendant was sentenced to ten years in the Department of Corrections (DOC) and was awarded 152 days of presentence confinement credit.

Upon reconsideration, defendant's DOC sentence was modified to ten years in a community corrections program. That placement, however, was subsequently terminated and defendant was resentenced to ten years in DOC, *nunc pro tunc* to his original sentencing date. The new mittimus reflected 184 days of presentence confinement credit, which presumably includes the 152 days defendant was originally awarded plus 32 days for his reincarceration following his termination from community corrections.

Thereafter, defendant filed a motion requesting that a new mittimus be issued reflecting an additional one year of credit for time served as a resident in community corrections, as well as one year of good time credit. The trial court denied the motion without a hearing, finding that, because defendant's new sentence was entered *nunc pro tunc* to the original sentencing date, he had been given "full credit for time served."

The People concede that the trial court's *nunc pro tunc* characterization of the sentence does not satisfy the statutory requirements of a mittimus. *See Beecroft v. People*, 874 P.2d 1041 (Colo.1994); §16–11–306, C.R.S.1997. We conclude that the trial court erred by failing to include in the new mittimus the actual date that the sentence commenced, credit for time defendant served as a resident in community corrections, as well as information concerning other credits for which defendant may have been eligible. A remand is, therefore, required.

An offender who is resentenced to DOC, after initially being sentenced to a community corrections program, is entitled to presentence confinement credit for any time served as a resident in that program. The sentencing court is statutorily required to include such credits on the mittimus. *Beecroft v. People, supra*, §16–11–306.

Furthermore, at the time the offender is resentenced, the administrator of the community corrections program must provide to the sentencing court a written summary of the number of days the offender was a resident in that program, as well as any other time credits for which the offender is eligible. The sentencing court must then include such information on the mittimus or in the attachment it thereto. *People v. McCreadie*, 938 P.2d 528 (Colo.1997); §§17–27–105(1)(j) and 17–27–104(9), C.R.S.1997.

Thus, because the sentencing court here failed to include on the new mittimus any of the above required information, the order denying defendant's motion for credit for time served is reversed, and the cause is remanded to the sentencing court to obtain a report from the Community Responsibility Center identifying the time credits for which the defendant is eligible. The sentencing court should then forward that report to the Department of Corrections and issue an amended mittimus that indicates the actual date of the new sentence, the date when defendant began serving the sentence, and the information regarding the time credits.

CRISWELL and BRIGGS, JJ., concur.