2012 COA 177

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ronald Robert HOWE, Defendant–Appellant.**

**No. 10CA1218.**

Colorado Court of Appeals, Div. IV.

Oct. 25, 2012.

John W. Suthers, Attorney General, Jillian J. Price, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kielly Dunn, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LICHTENSTEIN.

¶ 1 This case presents the question whether a defendant, whose commission of a crime in one county triggers his confinement in that county as well as a probation revocation complaint and arrest warrant in another county, is entitled to presentence confinement credit (PSCC) upon revocation of the probation. We conclude that a defendant is so entitled.

¶ 2 In this Jefferson County probation revocation case, defendant, Ronald Robert Howe, appeals the district court's order denying his motion for 278 days of PSCC, which reflect the period from the court's issuing the arrest warrant until the sentencing on the revocation. Howe was confined in the El Paso County Jail during this time. We conclude that there was a substantial nexus between the conduct underlying the Jefferson County probation revocation complaint and warrant and this confinement in El Paso County. Therefore, we reverse and remand the case to the trial court to award Howe the additional PSCC.

## I. Background

¶ 3 In 2005, in Jefferson County, Howe pleaded guilty to possession of more than one gram of a schedule II controlled substance, and the district court sentenced him to two years of probation. While on probation, Howe was arrested for a new crime in El Paso County (the El Paso County case). Howe's Jefferson County probation officer filed a probation revocation complaint and request for arrest warrant, seeking to revoke probation based on, among other things,[1] the El Paso County case. Two days later, the Jefferson County District Court issued a warrant for Howe's arrest (probation warrant). At his December 2006 probation revocation hearing, Howe admitted the allegations of the probation complaint and the court revoked his probation and resentenced him to a two-year term in the Department of Corrections (DOC), plus three years of mandatory parole.

¶ 4 Following the sentencing hearing, Howe requested ninety-four days of PSCC for the periods of confinement, in 2005, before he was originally sentenced to probation in this case. The trial court granted this request.

¶ 5 Howe began serving his DOC sentence in a halfway house facility but in October 2007 walked away from the facility. After he was rearrested in January 2010 and resumed service of his sentence, he moved the court for presentence confinement credit that was not given at the time of his sentencing. He contended that an additional 278 days of PSCC should be credited for his confinement in the El Paso County Jail from the date the probation revocation warrant was issued (March 9, 2006) until the date he was sentenced to the Department of Corrections (December 11, 2006). Although Howe received credit for this time in his El Paso County case, he contended that he was also entitled to the credit in his revocation case.

¶ 6 The district court denied Howe's motion, finding that (1) there was no substantial nexus between the El Paso County confinement and the pending revocation in Jefferson County because "the substantial nexus [was] between the new El Paso charges and the 2006 confinement [in El Paso County]"; and (2) it would have been duplicative to award

---

1. The other allegations included that Howe failed to update his address and phone number, attend a probation appointment, show proof of employ-ment, start useful public service, and pay his supervision fee.

Howe the same PSCC that he had been awarded in the El Paso County case because (it mistakenly believed) the sentences in this case and the El Paso County case were consecutive.

¶ 7 This appeal followed.

## II. The Appeal is Not Moot

 ¶ 8 We first reject the People's contention that the appeal is moot. A defendant is entitled to have any earned PSCC deducted from his mandatory parole. *Edwards v. People*, 196 P.3d 1138, 1139 (Colo.2008). Howe has served the confinement portion of his sentence, but he has not completely served the mandatory parole portion of his sentence. Thus, the appeal is not moot.

## III. Howe's Sentences are Concurrent

¶ 9 Next, we agree with Howe's contention that the additional PSCC would not be duplicative because, contrary to the mistaken belief of the district court, his sentence in the El Paso County case is concurrent with his sentence in this case.

¶ 10 The judgment of conviction attached to Howe's opening brief shows, and the People concede, that Howe's sentence in the El Paso County case was concurrent with his sentence in this case. We may, and do, take judicial notice of this judgment of conviction. *See* CRE 201(b), (f); (*People v. Stanley*, 170 P.3d 782, 793 (Colo.App.2007)).

## IV. Howe is Entitled to 278 Days of Additional PSCC

 ¶ 11 Lastly, we agree with Howe's contention that there was a substantial nexus between the conduct underlying the probation revocation complaint and warrant and his confinement in El Paso County. We, therefore, conclude that Howe is entitled to an award of an additional 278 days of PSCC.

¶ 12 We review de novo whether a defendant is entitled to PSCC. *People v. Torrez*, 2012 COA 51, ¶ 14, —— P.3d ——, 2012 WL 1036004; *People v. Roy*, 252 P.3d 24, 27 (Colo.App.2010).

¶ 13 The PSCC statute provides that "[a] person who is confined for an offense prior to the imposition of a sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement." § 18-1.3-405, C.R.S.2012. This statute does not require that the offense for which the sentence is imposed be the exclusive cause of the offender's confinement, but it does require a "substantial nexus" between the offense and the period of confinement for which PSCC is sought. *People v. Hoecher*, 822 P.2d 8, 12 (Colo.1991); *see also Schubert v. People*, 698 P.2d 788, 795 (Colo.1985) (construing former section 16-11-306, which is similar to section 18-1.3-405). There is a "substantial nexus" when a defendant is confined "as the result of the charge for which the sentence is imposed or as the result of the conduct on which such charge is based." *Schubert*, 698 P.2d at 795. In other words, a trial court must award a defendant credit if the confinement was "actually caused by the charge or conduct for which the offender is to be sentenced." *Id.*

¶ 14 The record shows that Howe, while on probation in this case, committed a new drug offense in El Paso County that triggered his arrest and confinement by El Paso authorities, as well as the issuance of a Jefferson County arrest warrant and commencement of revocation proceedings. The warrant was personally served on Howe while he was confined in El Paso County.

¶ 15 Although the probation revocation complaint and the drug offenses were filed in separate judicial districts (Jefferson County and El Paso County), the revocation complaint was based, in part, on the drug offenses in the El Paso County case. As relevant here, the revocation complaint alleged:

You shall not violate any local, state, or federal law.

El Paso County Court records reflect charges were filed against [Howe] for Controlled Substance–Possession with Intent–Scheduled II–2d (F2), two counts Controlled Substance–Possession Scheduled II–Over 1 gram-Second Offender (F2) and Marijuana–Possession Under 1 ounce (PO2) and Drug Paraphernalia–Possession (PO2) under case number 06CR701. The offense allegedly occurred on February 6, 2006.

¶ 16 At the probation revocation hearing, Howe admitted that he violated the terms of his probation by committing the drug offenses charged in the El Paso County case. The trial court revoked Howe's probation on that basis. Thus, the revocation was based on the "conduct" for which Howe was confined in El Paso County. Under these circumstances, we conclude that the trial court erred when it denied Howe's request for additional PSCC.

¶ 17 In reaching this conclusion, we are cognizant that the supreme court has placed limits on what constitutes a "substantial nexus" for purposes of awarding PSCC. In particular, if a defendant is confined in a jurisdiction other than the one in which he or she seeks the credit and the conduct for which the defendant is confined is unrelated to the conduct in the case in which he or she seeks the PSCC, then the defendant is not entitled to any credit. *See, e.g., Massey v. People,* 736 P.2d 19, 23 (Colo.1987) (no substantial nexus where the charges in Mesa and Pitkin Counties arose out of separate criminal transactions); *People v. Freeman,* 735 P.2d 879, 881 (Colo.1987) (no substantial nexus where the charges in Jefferson and Denver Counties were for unrelated offenses); *Schubert,* 698 P.2d at 797 (no substantial nexus where the confinement in Boulder County was not caused by the charges or conduct on which the Jefferson County prosecution was based).

¶ 18 A division of this court has recently followed the supreme court's analysis in this line of cases. *Torrez,* ¶¶ 33, 38–39, —— P.3d —— (the defendant was not entitled to PSCC on her Jefferson County sentence for her confinement in Denver County where the confinement was caused by a "separate and independent criminal proceeding" and the charges arose out of separate criminal transactions).

¶ 19 However, unlike the defendants in those cases, Howe was confined in El Paso County for the same conduct underlying both the Jefferson County revocation complaint and warrant, and the El Paso County crimi-

nal case. When multiple charges form the basis for a defendant's presentence confinement, "the defendant is entitled to credit against each sentence imposed on those charges, as long as the credit would not be duplicative." *Massey,* 736 P.2d at 23. Where, as here, the sentences are concurrent, it is proper for the court to award the PSCC against each sentence. *See Schubert,* 698 P.2d at 795. To the extent *People v. Murray,* 805 P.2d 1175, 1177 (Colo.App. 1990), suggests PSCC on concurrent sentences is limited to charges within the same judicial district, we decline to follow it. *See People v. Moore,* —— P.3d ——, ——, 2010 WL 5013681 (Colo.App.2010) (*cert. granted* Sept. 26, 2011) ("One division of this court is not bound by the decision of another division.").

¶ 20 The order is reversed, and the case is remanded to the trial court to award Howe an additional 278 days of PSCC against his sentence in this case.

Judge WEBB and Judge KAPELKE * concur.