Opinion by JUDGE FOX
¶ 1 Defendant, Jeremiah Nathanial Houston, appeals the district court's order granting in part and denying in part his motion seeking 724 days of presentence confinement credit (PSCC). The district court granted him 130 days of PSCC, the amount agreed to by the People. We affirm in part, reverse in part, and remand.
¶ 2 The question in this case is how much PSCC defendant is entitled to for the period spanning from late 2009 (when defendant was charged, served with an arrest warrant, and incarcerated in this Jefferson County case) to late 2012 (when the district court revoked defendant's probation and sentenced him to prison). The question is complicated by defendant's confinement for substantial portions of this three-year span in either Larimer County or Denver County in two other district court cases. Within this larger time frame, three periods are relevant, as explained further below.
I. Applicable Law and Standard of Review
¶ 3 "A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement." § 18-1.3-405, C.R.S.2013. There must be "a 'substantial nexus' between the offense and the period of confinement for which PSCC is sought." People v. Howe, 2012 COA 177, ¶ 13, 292 P.3d 1186 (quoting People v. Hoecher, 822 P.2d 8, 12 (Colo.1991), and citing Schubert v. People, 698 P.2d 788, 795 (Colo.1985) ).
¶ 4 We review de novo whether a defendant is entitled to PSCC. Id. at ¶ 12.
II. The First Relevant Period: December 22, 2009-November 5, 2010
¶ 5 The first relevant period we examine is from December 22, 2009, when defendant was served with an arrest warrant in this case, to November 5, 2010, when he was first sentenced to probation and released from confinement (the first period). Defendant contends that he is entitled to 319 days of PSCC for this entire period. The People argue that he is entitled to PSCC for only *811 eighty-four days of this first period, reflecting the amount of time during this period that he was in physical custody in Jefferson County. As to this first period, we agree with the People.
A. Further Background
¶ 6 In 2001, in Larimer County case number 00CR1393, defendant pleaded guilty to sexual assault on a child, and was sentenced to sex offender intensive supervision probation for ten years to life. In early November 2009, a complaint for revocation of probation was filed in that case, and a warrant was issued for his arrest.
¶ 7 On November 25, 2009, police officers in Jefferson County were investigating a burglary and contacted defendant. Although defendant gave the officers false information about his identity, the officers soon learned his true identity and of the Larimer County warrant. Over defendant's resistance, the officers arrested him, and transferred him to the Larimer County jail the same day.
¶ 8 Based on the events of November 25, 2009, the People charged defendant in this case with, among other things, criminal impersonation and resisting arrest. They also charged him with failure to register as a sex offender in Jefferson County. The arrest warrant in the Jefferson County case was served on defendant on December 22, 2009.
¶ 9 Between December 22, 2009, and October 22, 2010, defendant was periodically transported from the Larimer County jail on writs to appear in this case. In August 2010, he pleaded guilty in this case to an added count of felony menacing, and the remaining counts were dismissed. Upon his resentencing to probation in the Larimer County case on October 22, 2010, he was transferred to the Jefferson County jail. On November 5, 2010, the district court in this case sentenced defendant to three years of intensive supervision probation, concurrent with his probationary sentence in the Larimer County case.
B. Analysis
¶ 10 During this first period from December 22, 2009, to November 5, 2010, it is undisputed that defendant was in physical custody in Jefferson County for a total of eighty-four days (appearing on writs from Larimer County or after his resentencing in the Larimer County case), and that defendant is entitled to PSCC for those periods of confinement. The parties dispute, however, whether defendant is entitled to PSCC for the remainder of the first period, during which he was confined in Larimer County.
¶ 11 "[I]f a defendant is confined in a jurisdiction other than the one in which he or she seeks [PSCC] and the conduct for which the defendant is confined is unrelated to the conduct in the case in which he or she seeks the PSCC, then the defendant is not entitled to [PSCC based on that confinement]." Howe, ¶ 17 (citing Massey v. People, 736 P.2d 19, 23 (Colo.1987) ; People v. Freeman, 735 P.2d 879, 881 (Colo.1987) ; and Schubert, 698 P.2d at 797 ).
¶ 12 Defendant is not entitled to PSCC for the portion of the first period during which he was confined in Larimer County. The record is sufficiently clear that defendant's confinement in Larimer County was based on conduct, committed before early November 2009, which constituted a violation of one or more conditions of defendant's probation in the Larimer County case. However, the charges in this Jefferson County case were based on defendant's conduct on November 25, 2009, in Jefferson County, and his failure to register as a sex offender in Jefferson County. Thus, the record is sufficiently clear that the conduct for which defendant was confined in Larimer County was unrelated to the conduct underlying the charges in this case. See id. Thus, defendant has not shown that the district court erred by granting him only eighty-four days of PSCC for this period. See Sheron v. Lutheran Med. Ctr., 18 P.3d 796, 800 (Colo.App.2000) (the burden is on the appellant to provide a record justifying reversal, and absent such a record, we presume the regularity of the district court proceedings).
III. The Second Relevant Period: December 19, 2010-February 3, 2011
¶ 13 The second relevant period is from December 19, 2010, when defendant *812 was arrested based on a revocation complaint filed in this case, to February 3, 2011, when the district court declined to revoke his probation and released him to probation (the second period). The only apparent dispute between the parties as to this second period is whether the amount of PSCC is properly calculated as forty-seven days (as defendant contends) or forty-six days (as the People contend). The district court appears to have agreed with the People's position and granted defendant forty-six days of PSCC for this period.
¶ 14 Although the parties have not clarified the basis for this dispute, we presume that it is based on the question whether the proper amount of PSCC should include both the date of defendant's arrest (December 19, 2010) and the date of defendant's release to probation (February 3, 2011). Including both of those dates would result in forty-seven days of PSCC, but including only one of the dates would result in forty-six days of PSCC.
¶ 15 The parties have not cited, and we are unaware of, controlling case law deciding this question. We conclude that defendant is entitled to PSCC both for the date of his arrest on December 19, 2010, and the date of his release on February 3, 2011 (and all days in between). On both the day of defendant's arrest and the day of his release, he was confined for some portion of each day. The operative statute provides that the confined defendant must be credited for "the entire period of such confinement." § 18-1.3-405. Although the statute does not expressly specify the starting and ending dates of confinement, we look at how many days the condition (confinement) was in effect. Although periods are calculated differently in other contexts, see, e.g., C.R.C.P. 6(a)(1), in this context, and in light of the legislature's use of the words "entire period of such confinement"[1] and to assure due process, we believe that the calculation must include both the first day of confinement and the last day of confinement. See United States v. Batchelder, 442 U.S. 114, 121, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) ( "[A]mbiguities in criminal statutes must be resolved in favor of lenity."); People v. Chavez, 659 P.2d 1381, 1384 (Colo.1983) ("[W]here a statute is capable of two possible meanings[,] the construction that will entitle the prisoner to release at the earlier time should be adopted.").
¶ 16 Accordingly, defendant is entitled to forty-seven days of PSCC for the second period. Therefore, the district court erred by awarding him only forty-six days of PSCC for that period.
IV. The Third Relevant Period: December 28, 2011-December 20, 2012
¶ 17 The third and last period we examine is from December 28, 2011, when defendant was arrested in Denver County (by which time a second revocation complaint and arrest warrant had been issued in this case), to December 20, 2012, when he was sentenced to prison in this case (the third period). Defendant contends that he is entitled to 358 days of PSCC for this entire period, while the People contend that he should not be entitled to any PSCC for this period.
A. Further Background
¶ 18 On March 24, 2011, another revocation complaint was filed in this case (the original second revocation complaint), and a warrant for defendant's arrest was issued.
¶ 19 In April 2011, a revocation complaint was also filed in the Larimer County case.
¶ 20 Defendant was finally arrested on December 28, 2011, in Denver County. The record suggests that he was arrested there based on the warrant issued in this case. He was charged in Denver County, case number 11CR5232, with failure to register as a sex offender and jailed there.
¶ 21 Between December 28, 2011, and December 20, 2012, defendant was transferred to Jefferson County a number of times on writs from either Denver County or Larimer County for hearings on the second revocation complaint.
*813 ¶ 22 On July 3, 2012, an addendum to the second revocation complaint was filed in this case, which added as a basis for revocation the charge filed against him in Denver County (the amended second revocation complaint). A new arrest warrant based on the amended second revocation complaint was issued on July 5, 2012.
¶ 23 The district court in this case ultimately revoked defendant's probation and, on December 20, 2012, sentenced him to four years in prison.
B. Analysis
¶ 24 For the period from December 28, 2011, to December 20, 2012, defendant was, at times, confined in Denver County, in Larimer County, and in Jefferson County (on writs from either Denver County or Larimer County). The amount of time that he was confined in each of these counties during the third period is entirely unclear. Thus, unless we were able to conclude that defendant is entitled to PSCC for this entire period (as defendant contends), or is not entitled to PSCC at all for this period (as the People contend), on this record there would be no reasonable method for calculating the amount of PSCC to which defendant is entitled for this period.
¶ 25 We next evaluate the propriety of awarding PSCC based on defendant's confinement in the three jurisdictions during the third period.
1. Confinement in Denver County During the Third Period
¶ 26 First, we consider whether defendant is entitled to PSCC for the portion of the third period that he was confined in Denver County. The original second revocation complaint filed in this case in March 2011 alleged that defendant had failed to report to his probation officer, to submit to substance testing, and to engage in substance abuse treatment and sex offender treatment. However, the charge in the Denver County case was based on defendant's alleged failure to register as a sex offender in Denver County. Thus, the record indicates that the conduct underlying the original second revocation complaint in this case and the conduct underlying the Denver County case were different. It is of no consequence that defendant's arrest in Denver County may have been based on the Jefferson County warrant. Thus, based on the original second revocation complaint, defendant would not be entitled to PSCC for his confinement in Denver County. See Howe, ¶ 17.
¶ 27 The issue arguably becomes closer, however, considering that the amended second revocation complaint in this case (filed in July 2012) added as a basis for revocation that defendant had committed the conduct underlying the charge in Denver County. However, despite this amendment to the second revocation complaint, the record does not indicate that the "substantial nexus" test is met as to defendant's confinement in Denver County during this period. Again, section 18-1.3-405 provides that a defendant is entitled to PSCC based on his "confine[ment] for an offense prior to the imposition of sentence for said offense ..." (emphasis added). Here there is no evidence that defendant was sentenced to prison in this case based on the allegation in the amended second revocation complaint that defendant had broken the law in Denver County. In fact, the People specifically argued in the district court that "[a]lthough an amendment to the probation complaint was filed informing the court of the pending Denver case, those charges did not form the basis of his Jefferson County revocation and were specifically withdrawn." Defendant has not called into question this factual contention, and has not provided the transcript from the December 3, 2012, probation revocation hearing as part of the record on appeal, which might allow us to determine the accuracy of the contention. Thus, defendant has not met his burden of showing that the district court erred by declining to grant him PSCC for the portion of the third period in which he was confined in Denver County. See Sheron, 18 P.3d at 800.
2. Confinement in Larimer County During the Third Period
¶ 28 We next ask whether defendant is entitled to PSCC for the portion of the third period that he was confined in Larimer County. It appears that defendant's confinement *814 in Larimer County during this period was based on the revocation complaint filed in the Larimer County case in April 2011. And he was confined in Jefferson County during this period based on the revocation complaint filed in this case in March 2011. On this record, we have no way to determine whether the conduct underlying the two revocation complaints was the same. See Howe, ¶ 17. Therefore, defendant has not met his burden of showing that the district court erred by declining to grant him PSCC based on his confinement in Larimer County during the third period. See Sheron, 18 P.3d at 800.
3. Confinement in Jefferson County During the Third Period
¶ 29 Finally, we consider whether defendant is entitled to PSCC for the portion of the third period that he was confined in Jefferson County (on writs from either Denver County or Larimer County). In arguing that defendant is not entitled to any PSCC for the third period, the People appear to take a position inconsistent with their position that defendant is entitled to eighty-four days of PSCC for the first period discussed in Part II. More importantly, however, defendant has presented no argument, either in the district court or on appeal, that he is entitled to PSCC during the third period on that basis. We therefore decline to consider the issue, particularly given that the record is unclear regarding how long defendant was confined in Jefferson County during the third period. See Moody v. People, 159 P.3d 611, 615-16 (Colo.2007) ( " 'In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.' Critical to these considerations of fairness in sua sponte review is the existence of a complete and factually developed lower court record." (quoting United States v. Atkinson , 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936) ) (other citations omitted)).
V. Conclusion
¶ 30 The order is affirmed in part and reversed in part, and the case is remanded for the district court to award defendant a total of 131 days of PSCC (one additional day), and to amend the mittimus accordingly.
¶ 31 The People's motion to strike portions of defendant's reply brief is denied.
JUDGE J. JONES and JUDGE NAVARRO concur.

See People v. Widhalm, 991 P.2d 291, 296 (Colo.App.1999) (defendant was entitled to PSCC for the time he spent on work release given that his liberty was restricted); but see People v. Chavez, 122 P.3d 1036, 1038 (Colo.App.2005) (defendant who was released on bond, but subject to electronic monitoring, was not confined for purposes of PSCC statute).