2015 COA 112

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Tammy Marie PIMBLE, Defendant–Appellant.**

**Court of Appeals No. 14CA0770**

Colorado Court of Appeals, Div. I.

Announced August 13, 2015

§ 24–51–1105, C.R.S.2014.

Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE HAWTHORNE

¶ 1 Defendant, Tammy Marie Pimble, appeals the district court's order denying her postconviction motion for additional presentence confinement credit (PSCC) for time spent in a nonresidential community corrections program. We affirm.

### I. Facts and Procedural History

¶ 2 Defendant pleaded guilty to possession with intent to distribute a schedule II controlled substance and attempted first degree aggravated motor vehicle theft. The court initially sentenced her to twelve years in community corrections and later reduced this sentence to six years. Her community corrections placement was subsequently terminated. The court then resentenced defendant to six years in the custody of the Department of Corrections (DOC). The court granted defendant 738 days of credit for time served: 2 days of presentence credit, 62 days of postsentence credit, 183 days served in the residential program, and 491 days of earned time credits. The court did not give credit for her time served in the nonresidential program.

¶ 3 Defendant filed several motions to amend the credit for time served on the mittimus. Defendant appeals the denial of her most recent Crim. P. 35(a) motion for postconviction relief to correct an illegal sentence.

### II. Presentence Confinement Credits

¶ 4 Sections 18–1.3–301(1)(j) and 17–27–104(9), C.R.S.2014, were in effect when the court resentenced defendant to DOC custody. Defendant contends that these statutory provisions provide PSCC for time served in nonresidential community corrections, and that the court erred by refusing to amend

the mittimus to include this as time served. We disagree.

### A. Standard of Review and Applicable Law

¶ 5 We review de novo whether a defendant is entitled to PSCC. *People v. Howe*, 2012 COA 177, ¶ 12, 292 P.3d 1186.

¶ 6 When interpreting a statute, we ascertain and give effect to the legislature's intent. *People v. Carrillo*, 2013 COA 3, ¶ 10, 297 P.3d 1028. We determine the legislature's intent by first examining the plain and ordinary meaning of the statutory language. *People v. Madden*, 111 P.3d 452, 457 (Colo. 2005). We must read a statute's words in context and construe them according to their common usages. § 24–101, C.R.S. 2014. Thus, we consider the statute as a whole and attempt to give consistent and sensible effect to all its parts. *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010). "If the meaning of a statute is clear and unambiguous, then we need not resort to other aids of statutory construction to ascertain the intent of the General Assembly." *Colo. Common Cause v. Coffman*, 85 P.3d 551, 554 (Colo.App.2003).

 ¶ 7 When a court revokes a sentence to community corrections, it is authorized to resentence the defendant to DOC custody. *People v. Galvin*, 835 P.2d 603, 605 (Colo.App.1992). A defendant so resentenced is entitled to PSCC for any time served in a residential community corrections facility. *People v. Lopez*, 961 P.2d 602, 603 (Colo.App.1998). Section 18–1.3–405, C.R.S. 2014, provides that "[a] person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his or her sentence for the entire period of such confinement." A court does not have discretion to grant or deny PSCC; if a defendant is entitled to PSCC, the court must enter that amount on the mittimus. *Edwards v. People*, 196 P.3d 1138, 1144 (Colo.2008). However, "[t]o be eligible for presentence-confinement credit, an offender must have been actually confined." *People v. Hoecher*, 822 P.2d 8, 12 (Colo.1991); *see People v. McGraw*, 30 P.3d 835, 840–41 (Colo.App.2001) (remanding to

amend the mittimus to reflect time spent hospitalized because defendant was "confined in a very real sense"); *but see People v. Chavez*, 122 P.3d 1036, 1037–38 (Colo.App. 2005) (the defendant released on bond but subject to electronic monitoring and curfew was not confined for purposes of the PSCC statute).

### B. Analysis

 ¶ 8 Defendant asserts that *Hoecher*'s holding—that a defendant is not entitled to PSCC for time served in nonresidential community corrections—was abrogated by the passage of Senate Bill 11–254. Ch. 274, sec. 1, § 18–1.3–301(j), 2011 Colo. Sess. Laws 1236–38; Ch. 274, sec. 2, § 17–27–104(9), 2011 Colo. Sess. Laws 1237. We do not agree because the statutes on which defendant relies do not change how PSCC is calculated.

¶ 9 Under section 18–1.3–301(1)(j):

Except as otherwise provided in paragraph (k) of this subsection (1), any offender sentenced to the department of corrections subsequent to placement in a community corrections program is entitled to credit against the term of confinement as described in section 17–27–104(9), C.R.S. The court shall make a finding of the amount of such time credits and include such finding in the mittimus that orders the offender to be placed in the custody of the department of corrections. The department of corrections shall apply credits for residential and nonresidential time completed in a community corrections program in the same manner as credits for the time served in a department of corrections facility.

¶ 10 Section 17–27–104(9) referenced by the statute above provides:

The administrator of any community corrections program shall document the number of days of residential and nonresidential time completed by each offender sentenced directly to the community corrections program by the court and the time credits granted to such offender pursuant to section 18–1.3–301(1)(i), C.R.S. If any such offender is rejected after acceptance by the community corrections board

or the community corrections program, the program administrator shall provide a written summary of the residential days completed by such offender to the referring agency. If the offender is thereafter committed to the department of corrections, such summary shall be reported to the department of corrections to facilitate the calculation of any time credits pursuant to part 3 and part 4 of article 22.5 of this title.

¶ 11 In *People v. McCreadie*, our supreme court interpreted previous versions of these statutes containing provisions similar to those at issue here. 938 P.2d 528, 530–31 (Colo.1997) (interpreting then-current sections 17–27–105(1)(j) [1] and 17–27104(9)). The *McCreadie* court interpreted section 17–27–104(9) as stating, "the information on time credits is to be used for the purpose of calculating time credits pursuant to part 3 of article 22.5." *Id.* at 531. The court concluded that the "time credits" referred to in sections 17–27–105(1)(j) and 17–27–104(9) included "good time" and "earned time." *Id.* Good time credits are awarded under section 17–22.5–301, C.R.S.2014, for an inmate "whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him...." § 17–22.5–301(1). Section 17–22.5–302(1), C.R.S.2014, provides that earned time "may be deducted from the inmate's sentence upon a demonstration to the department by the inmate that he has made substantial and consistent progress" in certain categories.

¶ 12 As previously explained, a defendant must be confined in order to receive PSCC and the legislature has not amended the statute governing PSCC under section 18–1.3–405. The addition of the word "nonresidential" by the legislature to sections 18–1.3–301(1)(j) and 17–27–104(9) was to ensure that offenders receive earned time and good time credits based on time spent in both residential and nonresidential programs. It was not, as defendant asserts, an attempt by the

legislature to mandate that nonresidential time served be counted as PSCC. The statutes cited by defendant do not provide a basis for increasing her PSCC through the inclusion of nonresidential time served and, thus, the court did not err in excluding her nonresidential time in calculating her PSCC.

### III. Earned Time Credits

¶ 13 The People assert that the court erred in including earned time credits as credit for time served on the mittimus. We disagree.

¶ 14 As a threshold matter, defendant argues that the People may not raise this issue for the first time in their answer brief. At defendant's revocation hearing, the deputy district attorney agreed that defendant was entitled to 738 days for time served, of which 491 days were earned time credits. She only contested whether defendant was entitled to an additional 1343 days of credit for time served in the nonresidential program. Because the record indicates that the issue of whether defendant was entitled to the 491 days of earned time credits as PSCC was not raised before the district court, and the People failed to file an appeal or cross-appeal from the court's order, we will not address this issue. *See People v. Gallegos*, 764 P.2d 76, 76–77 (Colo.1988) (declining to reach merits of appeal because the People failed to object at the sentencing hearing or request that the court correct the sentence pursuant to Crim. P. 35(a)); *see also People v. Chetelat*, 833 P.2d 771, 773 (Colo.App.1991).

### IV. Conclusion

¶ 15 The order is affirmed.

JUDGE TAUBMAN and JUDGE BERGER concur.

---

1. Repealed and re-enacted under section 18–1.3–301. Ch. 318, sec. 2, § 18–1.3–301, 2002 Colo. Sess. Laws 1386–89.