COLORADO COURT OF APPEALS                                    2017COA123

Court of Appeals No. 16CA0191
Montezuma County District Court No. 15CR87
Honorable Douglas S. Walker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jeremiah Elijah Jim,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE LICHTENSTEIN
Taubman and Nieto*, JJ., concur

Announced September 21, 2017

Cynthia H. Coffman, Attorney General, Lisa K. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1 Defendant, Jeremiah Elijah Jim, appeals the district court's order denying his postconviction motion seeking presentence confinement credit (PSCC) for the time he spent in a residential community corrections program before he was resentenced to the custody of the Department of Corrections (DOC). We reverse and remand for correction of the mittimus.

## I. Background

¶ 2 In July 2015, defendant pleaded guilty to one count of attempted aggravated motor vehicle theft, and the district court sentenced him to eighteen months in community corrections. Two months after reporting to community corrections, defendant escaped.

¶ 3 Following his arrest, the district court resentenced him to eighteen months in the custody of the DOC. At the resentencing hearing, although defendant requested 129 days of PSCC for the time he was held in jail waiting for his initial sentencing and the time he spent in the residential community corrections program, the district court only granted him 67 days of PSCC for the time he was confined in the county jail prior to his initial sentencing.

1

¶ 4     The next day, defendant filed a postconviction motion, again requesting sixty-two days of credit for the time he was in community corrections and also an additional twenty-three days for the time he was in jail awaiting resentencing. The court, in a written order, granted defendant twenty-three days of PSCC for the time he spent in jail between his arrest and resentencing, but it denied the request for PSCC related to the time he spent in community corrections. The district court ruled that (1) under section 18-1.3-301(1)(k), C.R.S. 2016, defendant was not entitled to the credit for his community corrections time because he had escaped; and (2) the holding in *People v. Hoecher*, 822 P.2d 8 (Colo. 1991), the case defendant relied on, was based on statutes that had since been repealed.

## II. Analysis

¶ 5     On appeal, defendant contends, the People concede, and we agree that the court erred by not awarding him PSCC for the time he spent in the residential community corrections program.

¶ 6     We review whether a defendant is entitled to PSCC de novo. *People v. Howe*, 2012 COA 177, ¶ 12.

¶ 7     When a person is confined for an offense prior to being sentenced for that offense, he or she "is entitled to credit against the term of his or her sentence for the entire period of such confinement," and "[a]t the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus." § 18-1.3-405, C.R.S. 2016.  Time spent by a defendant in jail, in a DOC facility, or as a resident in a community corrections facility constitutes confinement under section 18-1.3-405, because those facilities limit an individual's liberty.  *People v. Chavez,* 122 P.3d 1036, 1037-38 (Colo. App. 2005); *see also Hoecher,* 822 P.2d at 11-12.  Thus, when a defendant is resentenced to DOC custody after revocation of a direct sentence to community corrections, he or she is entitled to credit for time served in a residential community corrections placement, but not for time served in a nonresidential placement.  *See* §§ 17-27-104(9), 18-1.3-301(1)(j), C.R.S. 2016; *Hoecher,* 822 P.2d at 12; *see also People v. McGraw,* 30 P.3d 835, 840 (Colo. App. 2001) (although *Hoecher* was decided prior to the enactment of section 17-27-104(9) and section 18-1.3-301(1)(j)'s

predecessor,[1] which together provide that an offender sentenced to DOC custody after placement in a community corrections program is entitled to credit for the number of days of residential placement completed, the reasoning in that case is still applicable).

¶ 8    The record in this case reflects, and the parties do not dispute, that defendant spent sixty-two days in a residential community corrections facility, from August 10 to October 11, 2015, and thus is entitled to sixty-two days of PSCC for this time.

¶ 9    We note that the district court, in denying defendant's motion, ruled that section 18-1.3-301(1)(k) barred defendant from receiving PSCC for his time in community corrections because he had escaped.  We agree with both defendant and the People that the court erred in interpreting the statute that way.

¶ 10    "[W]hen a statute is clearly part of a comprehensive regulatory scheme, the scheme should be construed to give consistent, harmonious, and sensible effect to all its parts."  *Shipley v. People*, 45 P.3d 1277, 1278 (Colo. 2002).

---

[1] In 2002, section 17-27-105(1)(j) was relocated to section 18-1.3-301(1)(j).  Ch. 318, sec. 2, § 18-1.3-301(1)(j), 2002 Colo. Sess. Laws 1386-89.

¶ 11 Section 18-1.3-301(1)(k) provides that "[a]ny offender who escapes from a residential community corrections program or who absconds from a nonresidential community corrections program shall forfeit any time credit deductions earned pursuant to paragraph (i) of this subsection (1) and shall not be credited with any time on escape or absconder status." By the statute's express terms, only credits earned pursuant to section 18-1.3-301(1)(i) are forfeited. Although not delineated as such, the time credits discussed in section 18-1.3-301(1)(i) refer to good time and earned time credits awarded by the community corrections program. *See People v. McCreadie*, 938 P.2d 528, 531 (Colo. 1997); *see also People v. Pimble*, 2015 COA 112, ¶¶ 11-12 (the time credits referred to in section 18-1.3-301(1)(j), formerly codified at section 17-27-105(1)(j), include "good time" and "earned time" credits). Therefore, we conclude that section 18-1.3-301(1)(k) does not apply to awards of PSCC.

¶ 12 Further, section 18-1.3-301(1)(k) refers only to time credit deductions that are earned. An offender does not earn PSCC but rather is entitled to it based upon his or her confinement before sentencing or any resentencing. *See* § 18-1.3-405 (an offender is

entitled to PSCC based solely upon the length of time he or she was confined before sentencing).

¶ 13     Consequently, defendant's escape from community corrections did not negate his right to receive PSCC for the time he spent in residential community corrections. Accordingly, because the district court erred in denying defendant's motion for sixty-two days of PSCC related to his time in a residential community corrections program, we remand the case for the court to amend the mittimus to include those additional days in the award of PSCC.

## III.  Conclusion

¶ 14     The order is reversed, and the case is remanded for the district court to correct the mittimus to reflect that defendant is entitled to a total of 152 days of PSCC.

JUDGE TAUBMAN and JUDGE NIETO concur.