1
 2025 CO 24 Ryan Wallace Bonde, Petitioner v. The People of the State of Colorado, Respondent No. 23SC784
Supreme Court of Colorado, En Banc
May 27, 2025

 Certiorari to the Colorado Court of Appeals Court of Appeals
Case No. 21CA137

 Judgment
 Affirmed

 Attorneys for Petitioner: Henson Law, LLC Andrew Gargano
Patrick R. Henson Denver, Colorado

 Attorneys for Respondent: Philip J. Weiser, Attorney General
Brock J. Swanson, First Assistant Attorney General Denver,
 Colorado

 Chief
 Justice Márquez delivered the Opinion of the Court, in
 which Justice Boatright, Justice Hood, Justice Gabriel,
 Justice Hart, Justice Samour, and Justice Berkenkotter
 joined.

 OPINION

 MÁRQUEZ, CHIEF JUSTICE

 ¶1
 Under section 18-1.3-405, C.R.S. (2024), an offender is
 entitled to presentence confinement credit ("PSCC")
 for the period the offender was "confined" for an
 offense before sentencing. In People v. Hoecher, 822
 P.2d 8, 13 (Colo. 1991), we addressed whether an offender in
 a community corrections program who is resentenced to the
 Colorado Department of Corrections ("CDOC") is
 entitled to PSCC for the nonresidential component of the
 community corrections sentence. We reasoned that a community
 corrections offender on nonresidential status is not
 "confined" for purposes of PSCC credit under
 section 18-1.3-405, but rather, is "free to function in
 the community in a manner unencumbered by most of the
 constraints associated with confinement."
Hoecher, 822 P.2d at 13. Accordingly, we held that
 such an offender is not entitled to PSCC upon
 resentencing to the CDOC. Id.

 ¶2
We are asked in this case to revisit our decision in
 Hoecher,[1] not because the legislature has amended
 the PSCC statute, but because part of
 Hoecher's reasoning

 has been undermined by subsequent amendments to the
 parole statutes. We decline to do so.

 ¶3
 Our reasoning in Hoecher was ultimately grounded in
 the plain language of section 18-1.3-405, which entitles an
 offender to PSCC for the period the offender has been
 "confined." As we emphasized in that case,
 individuals serving a nonresidential component of a community
 corrections sentence enjoy a wide range of freedoms that are
 inconsistent with the notion of confinement.
Hoecher, 822 P.2d at 12-13. Since our decision in
 that case, nothing has altered the notion of confinement
 underpinning the PSCC statute or the nature of the freedoms
 associated with nonresidential status in a community
 corrections program. We therefore decline to disturb our
 holding in Hoecher that offenders are not entitled
 to PSCC for time served during nonresidential community
 corrections sentences. Id. at 13.

 ¶4
 Because Petitioner Ryan Wallace Bonde is not entitled to PSCC
 for the nonresidential component of his community corrections
 sentence under Hoecher, we affirm the judgment of
 the court of appeals.

 I.
Facts and Procedural History

 ¶5
 As part of a plea agreement to resolve two cases, the court
 sentenced Bonde, to two concurrent, four-year community
 corrections sentences. He successfully completed the
 residential portion of these sentences and was transferred to

 nonresidential status. However, after Bonde was arrested and
 charged with new offenses, his nonresidential status was
 terminated, and the People requested that Bonde be
 resentenced to the CDOC.

 ¶6
 In response, Bonde asked for PSCC for the 355 days he served
 during the nonresidential portion of his community
 corrections sentences. The district court, relying on our
 decision in Hoecher, denied his request. It
 ultimately ruled that Bonde was not entitled to PSCC for the
 time he served on nonresidential status but that he could
 qualify for good time and earned time credit under sections
 17-22.5-301 and -405, C.R.S. (2024). The court then
 resentenced Bonde to two concurrent, four-year sentences in
 the CDOC. The amended mittimus in each of Bonde's cases
 notes that he received PSCC for his time served in jail and
 during the residential portion of his community corrections
 sentences. He also received 153 days of earned time credit.

 ¶7
 Bonde appealed, arguing that, although the holding in
 Hoecher expressly denies offenders PSCC for time
 served during nonresidential community corrections sentences,
 the reasoning of that decision has been undermined and now
 supports the opposite conclusion. Bonde pointed out that, in
 Hoecher, we reasoned in part that the freedoms
 enjoyed by a nonresidential community corrections offender
 were comparable to those of a parolee:

Because an offender serving out a community correctional
 sentence on nonresidential status is free to function in the
 community in a

 manner unencumbered by most of the constraints associated
 with confinement, we believe that a community correctional
 offender's entitlement to credit for time served on
 nonresidential status should be resolved in the same manner
 as a parolee's claim for credit for the time served on
 parole.

Hoecher, 822 P.2d at 13.

 ¶8
 At the time Hoecher was decided, a resentenced
 parolee was not entitled to PSCC for "the time [served
 on parole] between his release and his return to [CDOC]
 custody." Id. (quoting § 17-22.5-203(1),
 8A C.R.S. (1986)). But, as Bonde noted, under subsequent
 legislative amendments, nonviolent offenders are now entitled
 to PSCC for time served during parole. See §
 17-22.5-303(7), C.R.S. (2024). Bonde thus contended that,
 given Hoecher's reasoning that a nonresidential
 community corrections offender should be treated like a
 parolee, nonviolent offenders like him should now also
 receive PSCC for time served on nonresidential status in a
 community corrections program.

 ¶9
 A division of the court of appeals disagreed. In a published
 opinion, the division held that it was bound by this
 court's express holding in Hoecher. People
 v. Bonde, 2023 COA 75M, ¶ 12, 539 P.3d 164, 166-67.
The division noted that "Bonde [did] not point to any
 liberty restraints faced by nonresidential offenders that
 show that they are 'confined' within the meaning of
 the PSCC statute." Id. at ¶ 14, 539 P.3d
 at 167. Although the division acknowledged that
 Hoecher's reasoning had been undermined by the
 subsequent legislative amendments to the parole and

 PSCC statutory schemes, it ultimately affirmed the district
 court's order denying Bonde PSCC for his time served in
 nonresidential community corrections. Id. at
 ¶¶ 15, 25, 539 P.3d at 167, 169.

 II.
Analysis

 ¶10
 Because we perceive no basis to depart from stare decisis in
 this matter, we reaffirm our holding in Hoecher and
 conclude that nonresidential community corrections sentences
 do not qualify for PSCC.

 A.
 Mootness

 ¶11
 As a preliminary matter, we reject the People's argument
 that Bonde's case is moot. At oral argument, the People
 suggested that Bonde had already served his CDOC sentences in
 this case. While Bonde's counsel could not confirm this,
 the record suggests that Bonde has completed his sentences.
The People thus ask us to dismiss this case as moot because
 any ruling would have no practical effect on a prevailing
 party. See DePriest v. People, 2021 CO 40, ¶ 8,
 487 P.3d 658, 662.

 ¶12
 However, we conclude that this case is justiciable. There is
 an "exception to the mootness doctrine that allows
 review of 'important issues capable of repetition yet
 potentially evading review.'" Walton v.
 People, 2019 CO 95, ¶ 8, 451 P.3d 1212, 1215
(quoting People v. Brockelman, 933 P.2d 1315, 1318
(Colo. 1997)). Community corrections sentences are given for
 less serious offenses, which means that offenders who have
 their nonresidential community corrections sentences

 revoked are unlikely to have long sentences remaining. By
 contrast, the appellate process can take years. Bonde's
 notice of appeal in this case was filed in the court of
 appeals on January 28, 2021, and we did not grant certiorari
 review until June 10, 2024, over three years later.
Accordingly, "[w]ere we to wait for another case like
 this one to find its way to us with a defendant still serving
 [their] sentence, we might wait in vain." Id.

 B.
Standard of Review and Applicable Law

 ¶13
"We review de novo whether a defendant is entitled to
 PSCC." Fransua v. People, 2019 CO 96, ¶
 11, 451 P.3d 1208, 1210 (quoting People v. Houston,
 2014 COA 56, ¶ 4, 411 P.3d 808, 810).

 ¶14
We also review issues of statutory interpretation de novo.
Id., 451 P.3d at 1210-11. This court's
 fundamental responsibility in construing a statute is to
 ascertain and give effect to the legislature's intent and
 purpose in enacting it. See People v. Steen, 2014 CO
 9, ¶ 9, 318 P.3d 487, 490. "In so doing, we look to
 the plain and ordinary meaning of the statutory language, and
 we construe the statute to further the legislative intent
 represented by the statutory scheme." Id.
(quoting People v. Manzo, 144 P.3d 551, 554 (Colo.
2006)). Further, "[u]nder an established rule of
 statutory construction, the legislature is presumed, by
 virtue of its action in amending a previously construed
 statute without changing the portion that was

 construed, to have accepted and ratified the prior judicial
 construction." People v. Swain, 959
 P.2d 426, 430-31 (Colo. 1998).

 ¶15
 The doctrine of stare decisis means that this court will
 follow the rule of law established in earlier cases.
Rios-Vargas v. People, 2023 CO 35, ¶ 34, 532
 P.3d 1206, 1214. "We will depart from our existing law
 only if we are clearly convinced that (1) the rule was
 originally erroneous or is no longer sound because of
 changing conditions and (2) more good than harm will come
 from departing from precedent." Id. (quoting
Love v. Klosky, 2018 CO 20, ¶ 15, 413 P.3d
 1267, 1270).

 C.
 PSCC and Nonresidential Community Corrections
 Sentences

 ¶16
 Confinement credit for community corrections sentences is
 governed by several different statutes. Section
18-1.3-301(1)(j), C.R.S. (2024), requires that "any
 offender sentenced to the [CDOC] subsequent to placement in a
 community corrections program is entitled to credit against
 the term of confinement as described in section 17-27-104(9),
 C.R.S. [(2024)]." In turn, section 17-27-104(9) requires
 community corrections programs to document an offender's
 residential and nonresidential time completed for purposes of
 determining good time and earned time credits under section
 18-1.3-301(1)(i)(I) and sections 17-22.5-301, -302, and -405,
 C.R.S. (2024). Good time and earned time credits are,
 respectively, time credits awarded for an offender's
 compliance with facility rules and completion of educational,
 employment, or other requirements.

People v. McCreadie, 938 P.2d 528, 531 (Colo. 1997).
Earned time and good time credits are distinct from PSCC for
 time served.

 ¶17
Section 18-1.3-405 governs PSCC for time served. The
 overarching principle of that provision is to give an
 offender credit for time spent "confined": "A
 person who is confined for an offense prior to the
 imposition of sentence for said offense is entitled to credit
 against the term of his or her sentence for the entire
 period of such confinement." Id.
(emphases added). Thus, as in Hoecher, we must
 decide whether nonresidential community corrections sentences
 constitute "confinement" for PSCC purposes.

 ¶18
 In Hoecher, we reasoned that those sentenced to a
 nonresidential community corrections program enjoy several
 freedoms not traditionally associated with the notion of
 confinement. 822 P.2d at 12. The objective of community
 corrections sentences is "to limit confinement
 to the extent necessary to assure reasonable supervision
 while permitting a gradual reintegration of the offender into
 the society to which the offender would eventually
 return." Id. at 11 (emphasis added) (quoting
Wilson v. People, 747 P.2d 638, 640 (Colo. 1987),
 abrogated on other grounds by Benz v. People, 5 P.3d
 311, 314 (Colo. 2000)). Accordingly, "an offender
 serving out a community correctional sentence on
 nonresidential status is free to function in the community in
 a manner unencumbered by most of the constraints associated
 with confinement." Id. at 13.

 ¶19
 This remains true today. Offenders serving nonresidential
 community corrections sentences do not reside in the CDOC or
 residential community corrections facilities; rather, they
 live "independently in the community under program
 supervision." Colo. Div. of Crim. Just., Dep't of
 Pub. Safety, 2022 Colorado Community Corrections
 Standards, at 56 (Oct. 2022) ("2022 Colorado
 Community Corrections Standards"),
 https://drive.google.com/file/d/
 1Ap9bGHw5cdUtaSshR94RAK4Gx9rqAneZ/view
 [https://perma.cc/KB9N- 35U6].[2] Compared to their residential
 counterparts, offenders serving nonresidential community
 corrections sentences are allowed to pursue regular
 employment, enroll in academic courses, participate in
 vocational training programs, and meet with family members.
§ 17-27-102(3), C.R.S. (2024). They are also subjected
 to less stringent drug and alcohol testing requirements and
 are required to undergo fewer rehabilitation programming
 hours (some of which can occur over the phone). 2022 Colorado
 Community Corrections Standards, at 14, 39-40. The freedoms
 and limited supervision associated with nonresidential
 community corrections sentences are thus inconsistent with
 the notion of confinement under section 18-1.3-405.

 ¶20
 Admittedly, in Hoecher, we compared nonresidential
 community corrections sentences and parole in reaching this
 conclusion. 822 P.2d at 13. There, we reasoned that, when
 considering the entire statutory scheme, it made sense to
 treat parole and nonresidential community corrections
 sentences the same because they involved similar levels of
 constraint. Id. But post-Hoecher
legislative amendments to the statutory schemes governing
 parole, PSCC, and community corrections sentences have
 undermined the comparison drawn in that opinion.

 ¶21
 For example, since we decided Hoecher in 1991, the
 legislature has affirmatively granted PSCC in multiple
 parole-related situations. In 1995, the General Assembly
 amended the parole eligibility statute to allow PSCC for
 nonviolent offenders who were resentenced after their parole
 was revoked. Ch. 190, sec. 13, § 17-22.5-403(6), 1995
 Colo. Sess. Laws 870, 878. And in 2009, the legislature
 amended the PSCC statute to grant PSCC for offenders who are
 confined while awaiting a parole revocation hearing. Ch. 105,
 sec. 3, § 18-1.3-405, 2009 Colo. Sess. Laws 382, 383.

 ¶22
 Notably, however, the legislature has not granted
 PSCC for nonresidential community corrections
 sentences-despite having had ample opportunity to do so. The
 legislature has amended the statutory scheme governing
 community corrections sentences several times. In 2002, the
 General Assembly relocated and amended section
 18-1.3-301(1)(j), which contemplates that offenders are
 entitled to

 credit when their community corrections status is revoked and
 they are resentenced to the CDOC. Ch. 318, sec. 2, §
 18-1.3-301(1)(j), 2002 Colo. Sess. Laws 1365, 1389. And in
 2011, the legislature amended section 17-27-104(9), allowing
 offenders to receive good time and earned time credits for
 nonresidential community corrections sentences. Ch. 274, sec.
 2, § 17-27-104(9), 2011 Colo. Sess. Laws 1236, 1237.
Other amendments to the community corrections statutory
 scheme have removed percentage-based limits on the amount of
 time credits offenders can earn and have eliminated the
 ability of offenders to get time credits when they have
 escaped or absconded. Ch. 274, sec. 1, § 18-1.3-301,
2011 Colo. Sess. Laws 1236, 1236-37. And, perhaps most
 importantly, the legislature amended section 18-1.3-405
 without any mention of PSCC for nonresidential community
 corrections sentences. 2009 Colo. Sess. Laws at 383.

 ¶23
These amendments make it clear that, while the legislature
 has decided to grant PSCC for an offender's time served
 during parole, it has not decided to do so for nonresidential
 community corrections sentences. We presume the legislature
 is aware of existing case law when it legislates. LaFond
 v. Sweeney, 2015 CO 3, ¶ 12, 343 P.3d 939, 943
("Courts presume the legislature is aware of its own
 enactments and existing case law precedent."). The
 General Assembly's inaction to date with respect to PSCC
 for nonresidential community corrections offenders does not
 undermine Hoecher's holding. In sum, any
 policy-based request to grant

 comparable PSCC for nonresidential community corrections
 sentences is better directed to the legislature. See
Swain, 959 P.2d at 430-31.

 III.
Conclusion

 ¶24
We decline to depart from our holding in Hoecher,
 which was properly grounded in the text of section
 18-1.3-405. Offenders serving nonresidential community
 corrections sentences today still enjoy freedoms inconsistent
 with the notion of confinement in that statute. The
 legislature's numerous amendments of the statutory scheme
 governing parole, PSCC, and community corrections
 sentences-without disturbing Hoecher's
 holding-further support this conclusion.

 ¶25
We therefore affirm the judgment of the court of appeals.

---------

[1] We granted certiorari to review the
 following issue:

1. Whether an offender who is being resentenced from a
 community corrections program to the department of
 corrections is entitled to presentence confinement credit for
 time served in a nonresidential community corrections
 program, overruling People v. Hoecher, 822 P.2d 8
(Colo. 1991).

[2] The Colorado Department of Public
 Safety published its most recent Colorado Community
 Corrections Standards in 2022.

---------